Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
NICHOLS KASTER & ANDERSON, LLP
One Embarcadero Center, Ste. 720
San Francisco, CA 94111
Telephone: 415-277-7235
Facsimile: 415-277-7238

Donald H. Nichols, MN State Bar No. 78918
Nichols@nka.com
(**pro hac vice** application forthcoming)
Paul J. Lukas, MN State Bar No. 22084X
Lukas@nka.com
(**pro hac vice** application forthcoming)
Matthew H. Morgan, MN State Bar No. 304657
Morgan@nka.com
(**pro hac vice** application forthcoming)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-215-6870

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Frank Foster, Phillip Warnock, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>Nationwide Mutual Insurance Company,<br><br>Defendant. | Case No.: C 07-4928 SI<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>(1) Violations of Fair Labor Standards Act, 29 U.S.C. Section 201, et seq.<br><br>(2) Overtime Violations (California Labor Code Sections 510, 1194 and 1198, and IWC Wage Order(s))<br><br>(3) Waiting Time Penalties (California Labor Code Sections 201-203)<br><br>(4) Failure to Provide Itemized Wage Statements (California Labor Code Section 226)<br><br>(5) Failure to Provide and/or Authorize Meal and Rest Periods (California Labor Code Section 512)<br><br>(6) Violation of California Business and Professions Code Sections 17200 et seq.<br><br>**DEMAND FOR JURY TRIAL** |

**PRELIMINARY STATEMENT**

1.  This is a collective and class action brought by Individual and Representative Plaintiffs Frank Foster and Phillip Warnock on their own behalf and on behalf of the proposed class identified below ("Plaintiffs"). Plaintiffs were or are employed by Defendant Nationwide Mutual Insurance Company. Plaintiffs were or are employed as "Special Investigators" and "Senior Special Investigators", who were misclassified as exempt and therefore erroneously denied overtime, meal and rest period compensation as required by state and federal wage and hour laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 ("Rule 23") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.  The Collective Class (FLSA) is made of all persons who are or have been employed by Defendant with the job titles of "Special Investigator" and/or "Senior Special Investigator" (sometimes referred to during the class period as "Special Investigator I," "Special Investigator II," and "Special Investigator III"), who were misclassified as exempt, and therefore erroneously denied overtime compensation as required by federal wage and hour laws, at any time within the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

3.  The Class (Rule 23) is made up of persons who are or have been employed by Defendant with the job titles of "Special Investigator" and/or "Senior Special Investigator" (sometimes referred to during the class period as "Special Investigator I," "Special Investigator II," and "Special Investigator III"), who were misclassified as exempt, and therefore erroneously denied overtime, meal and rest period compensation as required by state wage and hour laws, within the State of California within the period four years prior to the filing date of this Complaint ("the Class Period").

4.  During the Collective Class Period and the Class Period, Defendant failed to pay overtime and meal and rest period compensation to each member of the Class as required by state and federal law. Plaintiffs seek relief for the Class pursuant to the applicable provisions of the California Labor Code and applicable Wage Orders of the Industrial Welfare Commission ("IWC"). Plaintiffs also seek relief for the Collective Class under the Fair Labor Standards Act.

All of the relief sought is to remedy the Defendants' failure to pay all wages and premiums due, pay appropriate overtime compensation, to provide and authorize meal and rest periods, to pay waiting time penalties, and maintain accurate time records, in addition to injunctive relief.

### THE PARTIES

5. Individual and representative Plaintiff Frank Foster resides in Placer County, California. He was employed by Defendant from approximately January 14, 1994 to present as a special investigator covering the northern California region. Plaintiff Foster brings his claims on behalf of himself and the Collective and California Classes.

6. Individual and representative Plaintiff Phillip Wamock resides in Pulaski County, Arkansas. He was employed by Defendant from approximately February 1999 to February 2007 as a special investigator initially covering the southern California region until 2003 when he was transferred to, and began working in and around, Little Rock, Arkansas. Plaintiff Wamock brings his claims on behalf of himself and the Collective Class.

7. Upon information and belief, Defendant Nationwide Mutual Insurance Company, is a foreign corporation doing business, and maintaining offices, in states throughout the United States, including California. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d).

### JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is being brought under the FLSA, 29 U.S.C. § 207 *et seq.* The representative Plaintiffs have signed consent forms to join this lawsuit, copies of which are attached as **Exhibit A**. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391, because Defendant conducts business in such District, and because a substantial part of the events giving rise to the claims occurred in this District.

10. Pursuant to Civil L.R. 3-2(c) and (d), this action is properly assigned to the Northern District of California because a substantial portion of the events giving rise to this dispute occurred in such District.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiffs Foster and Wamock bring this action on behalf of themselves and other similarly situated employees as authorized under FLSA § 16(b), 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective Class:** All persons who are or have been employed by Defendant with the job titles of "Special Investigator" and/or "Senior Special Investigator" (sometimes referred to during the class period as "Special Investigator I," "Special Investigator II," and "Special Investigator III"), who were misclassified as exempt, and therefore erroneously denied overtime compensation as required by federal wage and hour laws, at any time within the United States within three years prior to this action's filing date through the date of final disposition of this action.

12. Upon information and belief, Defendant suffered and permitted Plaintiffs Foster, Wamock and the Collective Class to work more than forty hours per week without overtime compensation.

13. Defendants' unlawful conduct has been widespread, repeated and consistent.

14. Upon information and belief, Defendants knew that Plaintiffs Foster, Wamock, and the Collective Class performed work that required overtime pay.

15. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs Foster, Wamock and the Collective Class.

16. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs Foster, Wamock and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ACTION ALLEGATIONS

17. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure 23 on behalf of the following defined class:

**Proposed Class:** All persons who are or have been employed by Defendant with the job titles of "Special Investigator" and/or "Senior Special Investigator" (sometimes referred to during the class period as "Special Investigator I," "Special Investigator II," and "Special Investigator III"), who were misclassified as exempt, and therefore erroneously denied overtime, and meal and rest period compensation, as required by state wage and hour laws, within the State of California within the period four years prior to the filing date of this Complaint.

18. Numerosity: The Proposed Class is so numerous that joinder of all members is impracticable. Plaintiff Foster is informed and believes, and on that basis alleges, that during the relevant time period, Defendant employed at least 30 people who satisfy the definition of the Proposed Class.

19. Typicality: Plaintiff Foster's claims are typical of the members of the Proposed Class. Plaintiff Foster is informed and believes that, during the Class Period, like other special investigators who were misclassified as exempt, he routinely worked more than eight hours per day and more than 40 hours per week, and routinely worked through meal and rest periods. Plaintiff Foster had the same duties and responsibilities as other Class members. Plaintiff Foster was subject to Defendant's policy and practice of improperly treating and classifying employees in these positions as "exempt" from state wage and hour laws, failing to pay appropriate overtime compensation, failing to provide or authorize meal and rest breaks in compliance with state laws, and failing to maintain accurate time records of hours worked by the Proposed Class or to issue accurate itemized wage statements to these individuals.

20. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits

4

in federal court against large corporate defendants. Prosecuting a host of identical, individual lawsuits nationwide does not promote judicial efficiency or equity and consistency in judicial results.

21. <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the Proposed Class, and they have retained counsel experienced in complex, nationwide wage and hour class and collective action litigation.

22. <u>Commonality</u>: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

    A. Whether Defendant improperly classified the members of the Proposed Class as exempt;

    B. Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the Proposed Class in violation of the state wage laws;

    C. Whether Defendant employed Plaintiff Foster and the Proposed Class within the meaning of the applicable state laws;

    D. Whether Plaintiff Foster and the Proposed Class' members who are no longer employed with Defendants are entitled to waiting time penalties pursuant to the applicable state laws;

    E. Whether Defendant's policies and practices provide and/or authorize meal and rest periods in compliance with applicable state laws;

    F. Whether Defendant failed to keep accurate time records for all hours worked by Plaintiff Foster and the Proposed Class in violation of state wage laws;

    G. Whether Defendant provided adequate itemized wage statements to the Plaintiff Foster and the Proposed Class pursuant to state wage laws;

    H. The proper measure of damages sustained by the Proposed Class; and

    I. Whether Defendant's actions were "willful."

23. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because

prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

24.  Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Proposed Class the overtime pay to which they are entitled. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

25.  Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Rule 23. The names and address of the Proposed Class are available from Defendant.

### FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

26.  Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

27.  Plaintiffs Foster and Warnock consent in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). Such written consent form is attached hereto. Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

28.  At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendant has employed and continues to employ employees, including Plaintiffs Foster, Warnock and the Collective Class.

6
COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

29. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

30. During their employment with Defendant, within the applicable statute of limitations, Plaintiffs worked in excess of forty hours per workweek without overtime compensation. Despite the hours worked by Plaintiffs, Defendant willfully, in bad faith, and in knowing violation of the Federal Fair Labor Standards Act, failed and refused to pay them overtime compensation.

31. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

32. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

33. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

34. Plaintiffs seek recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Overtime Compensation in Violation of California Law)**

35. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

36. At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 required an employer, such as Defendant, to pay overtime premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is

7

unlawful to employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

37. Plaintiff Foster is informed and believes, and thereon alleges, that members of the Class worked in excess of eight hours per day and in excess of 40 hours per week, and Defendant unlawfully failed to pay members of the Class the overtime required in violation of IWC Wage Order 4 (8 C.C.R. § 11040), and the California Labor Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, Plaintiff Foster and the other Class Members are entitled to recover their unpaid overtime compensation.

38. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff Foster and the Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, plus interest, attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

**(Waiting Time Penalties)**

39. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

40. During the relevant time period, many Class members were employed by and thereafter terminated by or resigned from their positions with Defendant. Defendants, however, willfully failed to pay such Class Members all wages owed them (including overtime wages) within the time limits set forth in California Labor Code sections 201 and 202.

41. Under Labor Code sections 201, 202, and 203, those Class Members who no longer work for Defendant are entitled to waiting time penalties for Defendant's willful failure to timely pay all wages owed upon separation of their employment.

### FOURTH CLAIM FOR RELIEF

**(Failure to Provide Accurate Itemized Wage Statements)**

42. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

43. California Labor Code § 226(a) provides that, at the time of each payment of

8

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

44. Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff Foster and the Class in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiff Foster and the Class members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Plaintiff Foster and the Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Pursuant to Labor Code section 226(g), Plaintiff Foster and the Class are also entitled to and seek injunctive relief requiring Defendant to comply with Labor Code 226(a).

### FIFTH CLAIM FOR RELIEF

#### (Failure to Provide Rest Breaks and Meal Periods)

45. Plaintiffs allege and incorporate by reference the allegations in the proceeding paragraphs.

46. California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

47. Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6)

9

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

48. Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of

pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

49. California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

50. Defendant failed to provide Plaintiff Foster and Class Members with meal periods as required by law, and failed to authorize and permit Plaintiff Foster and Class Members to take rest periods as required by law. Plaintiff Foster and the Class Members are therefore entitled to payment of the meal and rest period premiums as provided by law.

## SIXTH CLAIM FOR RELIEF

### (Unfair Practice under the Unfair Competition Act)

51. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

52. Section 17200 of the California Business and Professions Code — California's Unfair Competition Law — prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendant, as alleged, constitutes unlawful business actions and practices in violation of Section 17200, *et seq.*

53. Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff Foster and the Class Members are entitled to restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendant has improperly withheld and retained during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendant to pay overtime to all workers as defined herein, in California, an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5 and other applicable law, and costs.

**PRAYER FOR RELIEF**

54. WHEREFORE, Plaintiffs pray for relief as follows:

   A. Designation of this action as a collective action on behalf of the nationwide Collective Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the nationwide Collective Class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

   B. Judgment against Defendant for an amount equal to the named Plaintiffs and the Collective Class's unpaid back wages at the applicable overtime rate;

   C. That Defendant is found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiffs;

   D. That Defendant's violations of the FLSA are found to be willful;

   E. An equal amount to the overtime damages as liquidated damages;

   F. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. section 216 and/or other applicable state laws;

   G. An award of prejudgment interest;

   H. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

   I. Leave to amend additional state law claims by motion;

   J. That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

   K. That Defendant is found to have violated the overtime, meal/rest period, itemized wage statement/time records, and waiting time penalty provisions of the state wage laws cited above as to the California Class identified above;

L.  That Defendant be ordered and enjoined to pay restitution to Plaintiff Foster and the Proposed Class due to Defendants' unlawful activities, pursuant to state laws cited above;

M.  That Defendant further is enjoined to cease and desist from unlawful activities in violation of state laws cited above; and

N.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.

### JURY DEMAND

55. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

Dated: September 21, 2007

*[signature]*

**NICHOLS KASTER & ANDERSON, LLP**
Matthew C. Hallend, CA State Bar No. 250451
Helland@nka.com
One Embarcadero Center
Ste. 720
San Francisco, CA 94111
Telephone: 415-277-7235
Facsimile: 415-277-7238

**NICHOLS KASTER & ANDERSON, PLLP**
Donald H. Nichols, MN State Bar No. 78918
Nichols@nka.com
(**pro hac vice** application forthcoming)
Paul J. Lukas, MN State Bar No. 22084X
Lukas@nka.com
(**pro hac vice** application forthcoming)
Matthew H. Morgan, MN State Bar No. 304657
Morgan@nka.com
(**pro hac vice** application forthcoming)
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-215-6870

ATTORNEYS FOR PLAINTIFFS