RICHARD H. RAHM, State Bar No. 130728
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940

JAMES J. OH, IL State Bar No. 6196413
(*pro hac vice* application forthcoming)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, Illinois 60601
Tel: 312.372.5520
Fax: 312.372.7880

ANDREW J. VOSS, MN State Bar No. 0241556
(*pro hac vice* application forthcoming)
LITTLER MENDELSON
A Professional Corporation
80 South 8th Street
1300 IDS Center
Minneapolis, Minnesota 55402.2136
Tel: 612.630.1000
Fax: 612.630.9626

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE
COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK FOSTER, PHILLIP WAMOCK, individually, purportedly on behalf of all others similarly situated, and purportedly on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. C3:07-CV-4928 SI<br><br>**NATIONWIDE'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' COMPLAINT** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NATIONWIDE'S ANSWER TO COMPLAINT

U.S.D.C. CASE NO. C3:07-CV-4928 SI

Defendant, Nationwide Mutual Insurance Company ("Nationwide" or "Defendant"), by and through its attorneys, for its Answer and Affirmative and Other Defenses to Plaintiffs' Complaint, and responding to the correspondingly numbered paragraphs of Plaintiffs' Complaint ("Complaint"), states as follows:

## PRELIMINARY STATEMENT

1. Defendant admits that Plaintiffs purport to bring a collective and class action on behalf of themselves and others; that Plaintiff Foster has been and is employed by Nationwide as a Senior Special Investigator; that Plaintiff Wamock was employed by Nationwide as a Special Investigator II; denies that this action is appropriate for collective or class action treatment; denies that Plaintiffs or any other members of the putative class were misclassified as exempt; and denies the remaining allegations in paragraph 1 of the Complaint.

2. Defendant denies the allegations in paragraph 2 of the Complaint.

3. Defendant denies the allegations in paragraph 3 of the Complaint.

4. Defendant denies the allegations in paragraph 4 of the Complaint.

## THE PARTIES

5. Defendant admits that Plaintiff Foster resides in Placer County, California and that he has been employed be Defendant from on or about January 17, 1994 to present as a special investigator in California. Defendant denies the remaining allegations in paragraph 5 of the Complaint.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Wamock currently lives in Pulaski County, Arkansas. Defendant admits that Plaintiff Wamock was employed by Nationwide from approximately February 1999 to February 2007 as a special investigator, first in California until 2003 and then in Arkansas. Defendant denies the remaining allegations in paragraph 6 of the Complaint.

7. Defendant admits that it is a corporation and does business and maintains office in states throughout the United States, including California. Defendant affirmatively states that the last sentence of paragraph 7 is a legal conclusion to which no response is required and denies the remaining allegations in paragraph 7 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NATIONWIDE'S ANSWER TO COMPLAINT    2.    U.S.D.C. CASE NO. C3:07-CV-4928 SI

## JURISDICTION AND VENUE

8. Defendant is without knowledge or information sufficient to form a belief that Plaintiffs have signed consent forms to join this lawsuit or that such consent forms are attached to the Complaint and, therefore, denies them. Defendant admits that Plaintiffs purport to bring claims arising under this Court's original jurisdiction pursuant to 28 U.S.C. § 1331 and admits that Plaintiffs purport to allege claims arising under this Court's supplemental jurisdiction. Defendant denies the remaining allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

11. Defendant admits that Plaintiffs purport to bring this action on behalf of themselves and on behalf of others allegedly similarly situated employees pursuant to 29 U.S.C. § 216(b); denies that this action is appropriate for treatment as a collective action or that it should be maintained on behalf of any other persons other than the Plaintiffs; affirmatively states that Plaintiffs were properly classified as exempt from the overtime requirements of the Fair Labor Standards Act ("FSLA"); and denies the remaining allegations in paragraph 11 of the Complaint.

12. Defendant admits that Plaintiffs, as employees who are exempt from the overtime requirements under both the FLSA and California law, did not receive overtime compensation for hours worked, if any, overy forty in a week or eight in a day. Defendant denies the remaining allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NATIONWIDE'S ANSWER TO COMPLAINT    3.    U.S.D.C. CASE NO. C3:07-CV-4928 SI

## CLASS ACTION ALLEGATIONS

17. Defendant admits that Plaintiffs purport to bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; denies that this action is appropriate for treatment as a class action or that it should be maintained on behalf of any other persons other than the Plaintiffs; affirmatively states that Plaintiffs were properly classified as exempt from the overtime and other requirements of California state law; and denies the remaining allegations in paragraph 11 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 and each subpart of paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs intend to send notice to all members of the Proposed Class or that it possess the names and current addresses of all members of the Proposed Class and, therefore, denies them. Defendant denies the remaining allegations in paragraph 25 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Overtime Compensation Under the FLSA)

26. Defendant incorporates its responses to paragraphs 1-25 of the Complaint as its response to paragraph 26.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and, therefore, denies them.

28. Defendant affirmatively states that the first sentence of paragraph 28 is a legal conclusion to which no response is required and that the statutory provisions of the FLSA speak for themselves. Defendant admits that it has employed and continues to employ Plaintiff Foster and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NATIONWIDE'S ANSWER TO COMPLAINT   4.   U.S.D.C. CASE NO. C3:07-CV-4928 SI

admits that it has employed Plaintiff Warnock. Defendant denies the remaining allegations in paragraph 28 of the Complaint.

29. Defendant affirmatively states that paragraph 29 states a legal conclusion to which no response is required and that the statutory provisions of the FLSA speak for themselves.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant admits that Plaintiffs purport to seek damages under the FLSA but deny that Plaintiffs are entitled to the relief sought or any relief whatsoever under the FLSA and otherwise denies the allegations in paragraph 33 of the Complaint.

34. Defendant admits that Plaintiffs purport to seek attorneys' fees and costs under the FLSA but denies that Plaintiffs are entitled to the relief sought or any relief whatsoever under the FLSA and otherwise deny the allegations in paragraph 34 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Overtime Compensation Under California Law)

35. Defendant incorporates its responses to paragraphs 1-34 of the Complaint as its response to paragraph 35.

36. Defendant affirmatively states that paragraph 36 contains legal conclusions to which no response is required and that the statutory provisions of California law speak for themselves.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Waiting Time Penalties Under California Law)

39. Defendant incorporates its responses to paragraphs 1-38 of the Complaint as its response to paragraph 39.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NATIONWIDE'S ANSWER TO COMPLAINT     5.     U.S.D.C. CASE NO. C3:07-CV-4928 SI

### FOURTH CLAIM FOR RELIEF
### (Itemized Wage Statements)

42. Defendant incorporates its responses to paragraphs 1-41 of the Complaint as its response to paragraph 42.

43. Defendant affirmatively states that paragraph 43 contains legal conclusions to which no response is required and that the statutory provisions of California law speak for themselves.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

### FIFTH CLAIM FOR RELIEF
### (Rest Breaks and Meal Periods)

45. Defendant incorporates its responses to paragraphs 1-44 of the Complaint as its response to paragraph 45.

46. Defendant affirmatively states that paragraph 46 contains legal conclusions to which no response is required and that the statutory provisions of California law speak for themselves.

47. Defendant affirmatively states that paragraph 47 contains legal conclusions to which no response is required and that the statutory provisions of California law speak for themselves.

48. Defendant affirmatively states that paragraph 48 contains legal conclusions to which no response is required and that the statutory provisions of California law speak for themselves.

49. Defendant affirmatively states that paragraph 49 contains legal conclusions to which no response is required and that the statutory provisions of California law speak for themselves.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

### SIXTH CLAIM FOR RELIEF
### (Unfair Competition Act)

51. Defendant incorporates its responses to paragraphs 1-50 of the Complaint as its response to paragraph 51.

52. Defendant affirmatively states that paragraph 52 contains legal conclusions to which no response is required and that the statutory provisions of California law speak for themselves.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NATIONWIDE'S ANSWER TO COMPLAINT        6.        U.S.D.C. CASE NO. C3:07-CV-4928 SI

## PLAINTIFFS' PRAYER FOR RELIEF

54. Defendant denies that Plaintiffs or any other putative class members, whether under the FLSA or California law, are entitled to any relief sought in paragraph 54 and each subpart, or any relief whatsoever.

## JURY DEMAND

55. Defendant admits that Plaintiffs purport to demand a trial by jury but denies that Plaintiffs are entitled to a jury on all claims made in the Complaint, deny that Plaintiffs are similarly situated to each other or any other current or former employee of Defendant and denies the remaining allegations in paragraph 55 of the Complaint.

56. Unless otherwise expressly admitted, Defendant denies each and every allegation contained in Plaintiffs' Complaint.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct affirmative and other defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

## FIRST DEFENSE

The complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

Venue of this case should be transferred to the Southern District of Ohio for the convenience of the parties and witnesses and in the interest of justice.

## THIRD DEFENSE

Plaintiffs' claims are barred because Plaintiffs were properly classified as exempt from the overtime requirements of the FLSA and California's wage and hour laws and regulations.

## FOURTH DEFENSE

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), the three-year limitations period contained in California Code of Civil Procedure section 338(a), the one-year limitations period governing recovery of statutory penalties contained in

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NATIONWIDE'S ANSWER TO COMPLAINT    7.    U.S.D.C. CASE NO. C3:07-CV-4928 SI

California Code of Civil Procedure section 340(1), the four year limitations period found in Business and Professions Code section 17208, or any other limitations period found in the California Code of Civil Procedure, including but not limited to sections 337, 339, 340, 343, or the California Business and Professions Code section 16750.1, such claims of Plaintiffs are barred.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 and/or any corresponding California state law because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, or written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and any corresponding California state law.

### SIXTH DEFENSE

Plaintiffs' claims, including claims for liquidated damages, are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260 and/or any corresponding California state law because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or any corresponding California state law. Further, because of, among other things, its good faith, Defendant asserts that any non-compliance with federal or California wage and hour laws was not willful and therefore, Plaintiffs are not entitled, among other things, to a third year of overtime pay under the FLSA.

### SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254 and any corresponding California state law, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to his principal activities.

### EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of de minimis non curet lex.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NATIONWIDE'S ANSWER TO COMPLAINT    8.    U.S.D.C. CASE NO. C3:07-CV-4928 SI

**NINTH DEFENSE**

There are no employees of Defendant who are similarly situated to Plaintiff, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

**TENTH DEFENSE**

The Complaint, and each purported cause of action alleged therein, is barred because Plaintiffs misperformed their respective duties and/or failed to perform those duties which Defendant realistically expected them to perform.

**ELEVENTH DEFENSE**

Plaintiffs have failed to exercise reasonable care to mitigate their damages, if any were suffered, and their right to recover against Defendant should be reduced and/or eliminated by such a failure.

**TWELFTH DEFENSE**

Plaintiffs have been paid and/or received all wages due to them by virtue of their employment.

**THIRTEENTH DEFENSE**

All or portions of the claims set forth in the Complaint are barred by the doctrines of estoppel, laches, or unclean hands.

**FOURTEENTH DEFENSE**

All or portions of the claims set forth in the Complaint are barred because Plaintiffs consented to, encouraged, or voluntarily participated in all actions taken, if any.

**FIFTEENTH DEFENSE**

Any unlawful or other wrongful acts of any person(s) employed by Defendant was outside of the scope of his or her authority and such act(s), if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know or have reason to be aware of such alleged conduct.

**SIXTEENTH DEFENSE**

The Complaint, and each purported claim contained therein, is barred to the extent Plaintiffs and the putative class members, by their acts, conduct and omissions, expressly or impliedly waived whatever rights they may have had against Defendant.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NATIONWIDE'S ANSWER TO COMPLAINT    9.    U.S.D.C. CASE NO. C3:07-CV-4928 SI

### SEVENTEENTH DEFENSE

Any failure of Plaintiffs and the putative class members to take meal periods or rest breaks was the result of their exercise of discretion and independent judgment.

### EIGHTEENTH DEFENSE

Each purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

### NINETEENTH DEFENSE

The Complaint fails to properly state a claim for penalties under California Labor Code section 203 because there is a bona fide, good faith dispute with respect to Defendant's obligation to pay any wages that may be found to be due; *i.e.*, Defendant has not willfully or intentionally failed to pay compensation to Plaintiff within the meaning and scope of California Labor Code section 203.

### TWENTIETH DEFENSE

The Complaint and each cause of action set forth therein cannot be maintained against Defendant because the principles of fairness and equity operate to bar the imposition of penalties under California Labor Code sections 203 and 226.7.

### TWENTY-FIRST DEFENSE

Defendant's business actions or practices were not unfair, unlawful, fraudulent or deceptive within the meaning of California Business and Professions Code section 17200, *et seq.*

### TWENTY-SECOND DEFENSE

Plaintiffs are barred from obtaining relief pursuant to their causes of action for violation of California Business and Professions Code section 17200, *et seq.* because California law does not permit representative actions where liability can only be determined through fact-intensive individualized assessments of alleged wage and hour violations. Further, Defendant alleges the prosecution of a representative action on behalf of the general public under California Business and Professions Code section 17200 et seq., as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NATIONWIDE'S ANSWER TO COMPLAINT                 10.                 U.S.D.C. CASE NO. C3:07-CV-4928 SI

### TWENTY-THIRD DEFENSE

Plaintiffs cannot act as private attorney generals because they have not suffered injury in fact and have not lost money or property as a result of Defendant's alleged acts.

### TWENTY-FOURTH DEFENSE

The prayer for restitution pursuant to Business and Professions Code section 17200, *et seq.* is barred with respect to penalties of any nature.

### TWENTY-FIFTH DEFENSE

Plaintiffs lack standing to bring their claims as to all or a portion of the claims alleged in the Complaint.

### TWENTY-SIXTH DEFENSE

This suit may not be properly maintained as a class action under either the FLSA or under Rule 23 of the Federal Rules of Civil Procedure because: (1) Plaintiffs cannot establish the necessary procedural prerequisites for collective or class treatment and therefore cannot represent the interests of others; (2) the prosecution of separate actions by individuals would not create a risk of incompatible standards of conduct for Defendant; nor would adjudication of individual's claims impede the ability of others not parties to the adjudications to protect their interests; (3) the alleged putative group that Plaintiffs purport to represent is not so numerous that joinder is impracticable; (4) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (5) Plaintiffs' claims are not representative or typical of the claims of the putative class; (6) the named Plaintiffs and alleged putative class counsel are not proper or adequate representatives for the alleged putative class; (7) Plaintiffs cannot show that class treatment of the purported causes of action in the Complaint is superior to other methods of adjudicating the controversy; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiffs and the members of the alleged putative class, and conflicts of interest exist between members of the alleged putative class; (9) the Complaint and the causes of action therein present difficulties that make this action unmanageable as a class action, including, but not limited to, Plaintiffs seek to certify both an opt-in class action under Rule 216(b) of the FLSA and an opt-out class action under Rule 23, which is confusing to putative members of the class.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NATIONWIDE'S ANSWER TO COMPLAINT    11.    U.S.D.C. CASE NO. C3:07-CV-4928 SI

### TWENTY-SEVENTH DEFENSE

Defendant opposes class certification and disputes the propriety of class treatment under the FLSA and/or Rule 23. If the Court certifies a class in this case over Defendant's objections under the FLSA, Rule 23 or both, then Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class.

### TWENTY-EIGHTH DEFENSE

The adjudication of the claims of the putative class through generalized class wide proof violates Defendant's rights to trial by jury and due process guaranteed by the United States and California Constitutions.

### TWENTY-NINTH DEFENSE

To the extent that Plaintiffs seek statutory or other penalties, such claim must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

### THIRTIETH DEFENSE

Certain causes of action in the Complaint are barred because the Wage Orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States and California Constitutions to, among other things, due process of law.

### THIRTY-FIRST DEFENSE

Even assuming *arguendo*, Plaintiff was not provided with a proper itemized statement of wages and deductions, Plaintiff is not entitled to recover damages because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

### THIRTY-SECOND DEFENSE

The Complaint fails to properly state a claim for attorney's fees under California Code of Civil Procedure section 1021.5, the California Labor Code sections 218.5, California Business and Professions Code section 17200, *et seq.*, under the FLSA or on any other basis.

### THIRTY-THIRD DEFENSE

The Complaint fails to properly state a claim for injunctive relief.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NATIONWIDE'S ANSWER TO COMPLAINT   12.   U.S.D.C. CASE NO. C3:07-CV-4928 SI

### THIRTY-FOURTH DEFENSE

Plaintiffs and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

### THIRTY-FIFTH DEFENSE

The Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### ADDITIONAL DEFENSES

Defendants state that they do not presently know all facts concerning the conduct of Plaintiffs and their claims sufficient to state all affirmative defenses at this time. Defendants will seek leave of this Court to amend this Answer should they later discover facts demonstrating the existence of additional affirmative defenses.

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiffs take nothing and the Complaint be dismissed in its entirety with prejudice;

2. That judgment be entered in Defendant's favor;

3. That Defendant be awarded its attorneys' fees and costs; and

4. That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: October 16, 2007

/s/ Richard H. Rahm
RICHARD H. RAHM
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

Firmwide:83263034.1 050511.1019

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NATIONWIDE'S ANSWER TO COMPLAINT    13.    U.S.D.C. CASE NO. C3:07-CV-4928 SI