1   RICHARD H. RAHM, State Bar No. 130728
    LITTLER MENDELSON
2   A Professional Corporation
    650 California Street, 20th Floor
3   San Francisco, CA 94108.2693
    Telephone:    415.433.1940
4   Facsimile:    415.399.8490

5   JAMES J. OH, IL State Bar No. 6196413
    (pro hac vice application forthcoming)
6   LITTLER MENDELSON
    A Professional Corporation
7   200 N. LaSalle Street, Suite 2900
    Chicago, Illinois 60601
8   Tel: 312.372.5520
    Fax: 312.372.7880

9
    ANDREW J. VOSS, MN State Bar No. 0241556
10  (pro hac vice application forthcoming)
    LITTLER MENDELSON
11  A Professional Corporation
    80 South 8th Street
12  1300 IDS Center
    Minneapolis, Minnesota 55402.2136
13  Tel: 612.630.1000
    Fax: 612.630.9626
14
    Attorneys for Defendant
15  NATIONWIDE MUTUAL INSURANCE
    COMPANY
16

17                    **UNITED STATES DISTRICT COURT**

18                    **NORTHERN DISTRICT OF CALIFORNIA**

19
    FRANK FOSTER, PHILLIP WAMOCK,          Case No. C3:07-CV-4928 SI
20  individually, on behalf of all others
    similarly situated, and on behalf of the   **DEFENDANT'S NOTICE OF MOTION**
21  general public,                             **AND MOTION TO TRANSFER VENUE**
                                                **PURSUANT TO 28 U.S.C. § 1404(a);**
22              Plaintiffs,                      **MEMORANDUM OF POINTS AND**
                                                **AUTHORITIES IN SUPPORT THEREOF.**
23         v.
                                             Date:    November 30, 2007
24  NATIONWIDE MUTUAL INSURANCE             Time:    9:00 a.m.
    COMPANY,                                 Court:   10
25
                Defendant.                   Before the Honorable Susan Illston
26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

DEF'S MEMORANDUM IN SUPPORT OF          U.S.D.C. CASE NO. C3:07-CV-4928 SI
ITS MOTION TO TRANSFER VENUE

1

## TABLE OF CONTENTS

2

PAGE(S)

3   I.      INTRODUCTION ................................................................................................... 1

4   II.     STATEMENT OF RELEVANT FACTS .................................................................. 2

5           A.      Nationwide Is An Ohio Corporation Located In The Southern District Of
6                   Ohio, Where Most Of The Evidence And Putative Class Members Reside ............... 2

7           B.      Most Of The Potential Witnesses Reside Closer To The Southern District Of
                    Ohio Than The Northern District Of California ........................................................... 4

8   III.    THE MOTION TO TRANSFER SHOULD BE GRANTED ................................... 7

9           A.      Plaintiff's Could Have Filed This Action In The Southern District Of Ohio,
10                  Thus Satisfying The First Prong Of A Motion To Transfer Venue ............................. 7

11          B.      This Action Should Be Transferred To The Southern District Of Ohio
                    Because Of The Convenience Of The Parties And Witnesses And The
12                  Interests Of Justice ....................................................................................................... 8

13                  1.      The Court Should Give Little Weight To Plaintiffs' Choice Of Forum
                            In Balancing The Factors Affecting Whether A Transfer Of Venue Is
14                          Warranted .......................................................................................................... 8

15                  2.      Transferring This Action to the Southern District Of Ohio Will Serve
                            the Convenience of the Parties and Witnesses ............................................... 9

16                          a.      The Southern District Ohio Is A More Convenient Forum For
17                                  Nationwide And Its Witnesses ........................................................... 10

18                          b.      The Southern District Of Ohio Appears To Be More
                                    Convenient For The Putative Plaintiffs And Their Likely
19                                  Witnesses ............................................................................................. 11

20                  3.      Ease Of Access To Sources of Proof Favors Transfer .................................. 12

21                  4.      The Southern District Of Ohio Is Familiar With Wage And Hour Law ........ 12

22                  5.      The Southern District of Ohio Has A Less Crowded Docket ....................... 14

23                  6.      This District Does Not Have A Greater Local Interest In This
                            Controversy .................................................................................................... 15

24  IV.     CONCLUSION ....................................................................................................... 15

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

DEF'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE

i.

U.S.D.C. CASE NO. C3:07-CV-4928 SI

# TABLE OF AUTHORITIES

PAGE(S)

## CASES

*Alexander v. Franklin Resources, Inc.*,
No. C 06-7121 SI,
2007 WL 518859 (N.D. Cal. Feb. 14, 2007) ........................................... 9

*Bell v. Farmers Insurance Exchange*,
87 Cal. App. 4th 805 (2001) ........................................................... 13

*Bothell v. Phase Metrics, Inc.*,
299 F. 3d 1120 (9th Cir. 2002) ........................................................ 13

*Bryant v. ITT Corp.*,
48 F. Supp. 2d 829, 832 (N.D. Ill. 1999) ............................................. 8

*Evancho v. Sanofi-Aventis U.S., Inc.*,
No. C 07-00098 SI,
2007 WL 1302985 (N.D. Cal. May 3, 2007) ..................................... 9, 12

*Hoefer v. U.S. Dept. of Commerce*,
No. C 00 0918 VRW,
2000 WL 890862 (N.D. Cal. June 28, 2000) ..................................... 9, 12

*In re Funeral Consumers Antitrust Litigation*,
No. C 05-01804 WHA,
2005 WL 2334362 (2005) ................................................ 10, 11, 12, 13

*Jarvis v. Marietta Corp.*,
No. C 98-4951 MJJ,
1999 WL 638231 (N.D. Cal. Aug. 12, 1999) ...................................... 11

*Koster v. American Lumebermans Mut. Cas. Co.*,
330 U.S. 518 (1947) ...................................................................... 9

*Lou v. Belzberg*,
834 F.2d 730 (9th Cir. 1987) ............................................................ 9

*New Image, Inc. v. Travelers Indem. Co.*,
536 F. Supp. 58, 59 (E.D. Pa. 1981) ................................................... 8

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235,
102 S.Ct. 252 (1981) ...................................................................... 7

*Reiffin v. Microsoft Corp.*,
104 F. Supp. 2d 48, 54, n. 12 (D. DC 2000) .................................... 2, 8

*Stewart Org. v. Ricoh Corp.*,
487 U.S. 22,
108 S.Ct. 2239 (1988) .................................................................... 8

*Stewart v. AT&T, Inc.*,
No. C 06-7363 SI,
2007 WL 1031263 (2007) .............................................................. 12

*Van Dusen v. Barrack*,
376 U.S. 612 (1964) ........................................................................ 7

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
250 W. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

*Williams v. Bowman,*
    157 F. Supp. 2d 1103 (N.D. Cal. 2001) ...................................................................... 8, 9

*Williams v. Sears Roebuck & Co.,*
    No. C 97-3794 FMS,
    1998 WL 61307 (N.D. Cal. Jan. 29, 1998) ................................................................ 11

## STATUTES

28 U.S.C. § 1391(c) ............................................................................................................ 8

28 U.S.C. § 1404 ............................................................................................................... 12

28 U.S.C. § 1404(a) ........................................................................................... 7, 8, 10, 15

29 C.F.R. § 541.210 .......................................................................................................... 13

29 C.F.R. § 541.215 .......................................................................................................... 13

29 C.F.R. §§ 541.201-205 ................................................................................................ 13

29 C.F.R. §§ 541.207-208 ................................................................................................ 13

29 U.S.C. § 216(b) .............................................................................................................. 3

8 Cal. Code Reg. § 11040, ¶ 1(A)(2)(f) ........................................................................... 13

Fed. R. Civ. P. 23 ............................................................................................................... 3

## OTHER AUTHORITIES

ERISA ............................................................................................................................... 12

Fair Labor Standards Act ..................................................................................... 3, 4, 12, 13

Firmwide:83285987.3 050511.1019

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

DEF'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE

iii.

U.S.D.C. CASE NO. C3:07-CV-4928 SI

1                        **NOTICE OF MOTION TO TRANSFER VENUE**

2 **TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

3           PLEASE TAKE NOTICE that Defendant Nationwide Mutual Insurance Company

4 ("Nationwide" or the "Company") will and hereby does move to transfer this action to the Southern

5 District of Ohio, Eastern Division. Hearing on this Motion to Transfer Venue will be held at 9:00

6 a.m. on November 30, 2007 in Courtroom 10 of the Honorable Susan Illston, District Judge, located

7 at 450 Golden Gate Avenue, San Francisco, California.

8           This motion is based upon this Notice of Motion and Motion, the accompanying

9 Memorandum of Points and Authorities, the Declarations of Teresa Wiencek and Richard H. Rahm,

10 all pleadings and papers on file in this litigation, and upon such other matters as may be presented to

11 the Court at the time of the hearing.

12                              **RELIEF REQUESTED**

13           Nationwide moves the Court, pursuant to 28 U.S.C. section 1404(a), to transfer this

14 action based on the convenience of witnesses and parties and the interests of justice from this district

15 to the Southern District of Ohio, Eastern Division, located in Columbus, Ohio.

16               **MEMORANDUM OF POINTS AND AUTHORITIES**

17 **I.      INTRODUCTION**

18           Nationwide is a national insurance company headquartered in Columbus, Ohio.

19 Although Nationwide has Special Investigators located in thirty-eight states, almost a third of its

20 Special Investigators are located in either Ohio or states bordering Ohio or New York, and about

21 three-fourths of the investigators are located in the Eastern United States. Only ten percent of its

22 Special Investigators are located in California. Nevertheless, Plaintiff Frank Foster ("Foster"), an

23 Special Investigator for Nationwide located in California, and Plaintiff Phillip Wamock

24 ("Wamock"), a former Special Investigator located in Arkansas, have filed a purported class and

25 collective action in the Northern District of California. They allege that they were improperly

26 classified as exempt from the overtime requirements in the Fair Labor Standards Act ("FLSA") and,

27 with respect to Foster, California law. Wamock seeks to represent a national collective class of

28 approximately 355 Special Investigators with respect to the alleged FLSA violations, ninety percent

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312 372 5520

DEF'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE       1.       U.S.D.C. CASE NO. C3:07-CV-4928 SI

of whom live outside of California.  In addition, Foster seeks to represent a sub-class of approximately 36 California employees with respect to various alleged California wage-and-hour violations.

Nationwide brings this motion to transfer venue from the Northern District of California to the Southern District of Ohio, pursuant to 28 U.S.C. section 1404(a), based on the "convenience of the parties and witnesses" and "in the interests of justice."  Specifically, Nationwide seeks to transfer this purported class action based on the following grounds:

**The Southern District Of Ohio Is A Proper Venue.**  Transfer is appropriate to any district where the action could have been filed.  *See* 28 U.S.C. § 1404(a).  Because Nationwide maintains its corporate headquarters in the Southern District of Ohio, it is subject to personal jurisdiction in that district.

**Convenience Of The Parties And Witnesses And Interests Of Justice.**  Transfer to the Southern District of Ohio would be convenient for the parties and witnesses and in the interests of justice because (1) it is closer to both Nationwide, one of the two named plaintiffs and a majority of the putative class members; (2) it is closer to most of the potential witnesses in the action; (3) it is closer to the location of the evidence; (4) it is equally familiar with wage and hour law; (5) it has a less crowed docket; and (5) Ohio has a greater local interest in the action.

In contrast, the Northern District of California has practically no connection with this action and is nothing more than blatant forum shopping, which should be accorded no weight whatsoever.  *See Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 54, n. 12 (D. DC 2000).  Accordingly, this action should be transferred to the Southern District of Ohio.

## II.    STATEMENT OF RELEVANT FACTS

### A.    Nationwide Is An Ohio Corporation Located In The Southern District Of Ohio, Where Most Of The Evidence And Putative Class Members Reside.

Nationwide is a national property and casualty insurance company that offers a full range of products to protect its customers' homes, automobiles, and business property.  (Declaration of Teresa Wiencek ["Wiencek Decl."] ¶ 3, attached to the Declaration of Richard H. Rahm ["Rahm Decl."], Exh. A).  As noted above, Foster is a current Nationwide employee, who works as a Senior

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

DEF'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE                2.                    U.S.D.C. CASE NO. C3:07-CV-4928 SI

1    Special Investigator in California, and Wamock is a former Nationwide employee, who worked as a

2    Special Investigator II in California from 1999 to 2003 and then in Arkansas from approximately

3    2003 through 2007. (Complaint ¶¶ 5-6).

4         In their Complaint, Plaintiffs purport to bring a collective action pursuant to 29

5    U.S.C. § 216(b) on behalf of all current and former Nationwide Special Investigators[1] across the

6    country. (Complaint ¶¶ 1, 2). In addition, they likewise bring this case as a class action pursuant to

7    Federal Rule of Civil Procedure 23, purporting to represent a class of Nationwide Special

8    Investigators who have worked in California during the past four years. Plaintiffs specifically allege

9    that Nationwide violated the Fair Labor Standards Act ("FLSA") and the California Labor Code by

10   failing to pay overtime compensation for hours worked in excess of forty per week. (Complaint

11   ¶¶ 2, 4). They further allege that Nationwide failed to "provide and authorize meal and rest periods,

12   to pay waiting time penalties, and maintain accurate records" in violation of California law.

13   (Complaint ¶¶ 3, 4). As Plaintiffs note in their Complaint, it is Nationwide's position that Special

14   Investigators are exempt from these provisions of the FLSA and California Labor Code. (Complaint

15   ¶¶ 2, 3). Nationwide, therefore, denies that it has failed to compensate its Special Investigators in

16   accordance with the law.

17        Nationwide operates throughout the country, and over the past four years, it has, to

18   the best of its knowledge, employed 355 Special Investigators in thirty-eight states. Specifically, it

19   has employed the following numbers of Special Investigators in the following states: Alabama (8),

20   Arkansas (4), Arizona (9), California (36), Colorado (3), Connecticut (7), Delaware (4), Florida (32),

21   Georgia (7), Iowa (9), Illinois (3), Indiana (5), Kansas (1), Kentucky (3), Maryland (18), Michigan

22   (13), Minnesota (3), Missouri (2), Mississippi (5), North Carolina (19), Nebraska (3), New

23   Hampshire (1), New Jersey (1), Nevada (4), New York (28), Ohio (24), Oregon (4), Pennsylvania

24   (28), Rhode Island (3), South Carolina (8), Tennessee (9), Texas (19), Utah (2), Virginia (19),

25   Vermont (1), Washington (4), Wisconsin (1) and West Virginia (5). (Wiencek Decl. ¶ 4). Of these

26

27   [1] In their Complaint, Plaintiffs specifically reference particular classifications of Special Investigators, such as "Special Investigator," "Senior Special Investigator," "Special Investigator I," Special Investigator II," and "Special Investigator III." (Complaint ¶ 2). For purposes of this Motion, Nationwide refers to these generally as "Special Investigators."

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
250 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

DEF'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE                    3.                    U.S.D.C. CASE NO. C3:07-CV-4928 SI

355 Special Investigators, 76% worked in Eastern states – clearly closer to Ohio than to California. (*Id.*). One hundred six of the Special Investigators were employed in Ohio, states bordering Ohio and New York. Notably, only thirty-six, or approximately 10%, of Nationwide's Special Investigators worked in California. (*Id.*).

Nationwide's corporate headquarters is in Columbus, Ohio, and its general human resources and pay policies and practices are developed and maintained by management and executive-level employees who work from that office. (Wiencek Decl. ¶¶ 3, 5). Payroll records are processed and kept at Nationwide's corporate office, and associate pay is prepared and distributed from there as well. (Wiencek Decl. ¶ 6). Likewise, documents related to the duties and responsibilities of Special Investigators, such as their job descriptions, training materials, the Nationwide policies that Special Investigators are charged with enforcing, and documents supporting their exempt status were also generated in Ohio and are maintained at Nationwide's corporate headquarters. (Wiencek Decl. ¶ 7).[2]

**B.    Most Of The Potential Witnesses Reside Closer To The Southern District Of Ohio Than The Northern District Of California.**

The witnesses whom Nationwide is likely to call to testify in this matter include a number of management and executive-level Nationwide employees, who work out of corporate headquarters in Columbus:

| NAME | TITLE | SUBJECT MATTER |
|------|-------|----------------|
| Teresa Wiencek | Vice President of Human Resources | Duties, responsibilities, and reporting structure for Special Investigators; procedures related to human resources and the processing of payroll, the location of personnel and payroll records; identities of individuals with specific knowledge regarding Nationwide's policies and procedures; exempt classification for Special Investigators |

---

[2] Although these documents are relevant to this action, Nationwide does not intend to suggest that it can properly raise its defense that Special Investigators are exempt from the overtime provisions of the FLSA and the California Labor Code without an individualized, fact-specific inquiry into the actual day-to-day duties and responsibilities of each Special Investigator.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

DEF'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE          4.          U.S.D.C. CASE NO. C3:07-CV-4928 SI

| Kevin Hilyard[3] | Vice President of Claims (including responsibility for Special Investigation Unit) | Special Investigator duties and responsibilities |
| Lee S. Herman | Special Investigation Unit Officer | Special Investigator duties and responsibilities; development of training materials for Special Investigators; policies that Special Investigators are charged with enforcing |
| Janelle Mikusa | Human Resource Director | Duties, responsibilities and reporting structure for Special investigators; review of Special Investigator job titles; exempt classification for Special Investigators |
| Peter Hendey | Officer of Associate Relations | General human resources and pay policies; compensation-related complaints by Special Investigators |
| Bradley Gutcher | SIU Director | Special Investigator duties and responsibilities; review of Special Investigator job titles; training provided to Special Investigators |
| Richard Gandarillas | Compensation Director | Pay bands, market reference value, and job description for Special Investigators; review of Special Investigator job titles; exempt classification for Special Investigators |

(Wiencek Decl. ¶ 8). Other Company witnesses whom Nationwide may call to testify in this matter include the following Nationwide employees who do not work at the corporate headquarters in Columbus, but who work much nearer to Columbus than to San Francisco:

| NAME and LOCATION | TITLE | SUBJECT MATTER |
| --- | --- | --- |
| Ray Albertini (Cleveland, OH) | Former Head of Special Investigation Unit | Special Investigator Duties and Responsibilities; development of training materials for Special Investigators; policies that Special Investigators are charged with enforcing |
| Amy Spellman (Des Moines, IA) | HR Specialist | Special Investigator duties and responsibilities; review of Special Investigator job titles; exempt classification for Special Investigators |

---

[3] Mr. Hilyard is currently transitioning from New York to Columbus and is expected to be situated in Columbus long before his testimony is required.

LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312 372 5820

DEF'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE                5.                U.S.D.C. CASE NO. C3:07-CV-4928 SI

| John Cordes (Des Moines, IA) | Compensation Consultant | Pay bands, market reference value, and job description for Special Investigators; review of Special Investigator job titles; exempt classification for Special Investigators |
| Wade Wickre (Gainesville, FL) | SIU Director | Duties, responsibilities, and reporting structure for Special Investigators; policies that Special Investigators are charged with enforcing |

(Wiencek Decl. ¶ 9).

If trial of this matter is held in San Francisco, the Columbus witnesses would have to travel approximately 2,500 miles each way. (Mapquest Directions from Columbus to San Francisco, Rahm Decl., Exh. B). Each way, this would take approximately thirty-five hours by car (*Id.*), or nearly a full work day of air travel, given the lack of direct flights between Columbus and San Francisco. (http://www.port-columbus.com/flight/flight/non-stop.asp, Rahm Decl., Exh. C). There are likewise no direct flights to San Francisco from Des Moines, Iowa, where two other Company witnesses reside. (http://www.dsmairport.com/Travel_Info/Non_Stop_Airlines.htm, Rahm Decl., Exh. D). Thus, they, too, would have to spend nearly a full work day traveling by air from Des Moines to San Francisco, or spend approximately twenty-five hours making this 1,800 mile trip by car. (Mapquest Directions from Des Moines to San Francisco, Rahm Decl., Exh. E). The only Nationwide witness who could travel from his place of residence, Cleveland, Ohio, to San Francisco on a direct flight is Ray Albertini. Still, this 2,500 mile trip takes approximately five hours by plane. (Mapquest Directions form Cleveland to San Francisco; Continental.com Flight Information from Cleveland to San Francisco, Rahm Decl., Exhs. F-G). If, on the other hand, the Court grants this motion to transfer and trial is held in the Southern District of Ohio, Eastern Division, there would be no travel required for the Columbus witnesses, and Ray Albertini could likely drive the approximately two and a half hours between Cleveland and Columbus. (Wiencek Decl. ¶ 10; Mapquest Directions from Cleveland to Columbus, Rahm Decl., Exh. H). The Des Moines witnesses could travel to Columbus on Nationwide's regular air shuttle between Des Moines and Columbus. (Wiencek Decl. ¶ 10).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

DEF'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE      6.      U.S.D.C. CASE NO. C3:07-CV-4928 SI

Furthermore, attendance at hearings and a lengthy trial in San Francisco will require these key witnesses to be away from their work and homes, which would substantially disrupt Nationwide's business operations and the personal schedules of the witnesses. (Wiencek Decl. ¶ 11). Moreover, because these likely witnesses hold key responsibilities for the operation of the Company, scheduling time away from work would be difficult because their responsibilities would have to be delegated to others, or simply not performed at all. (*Id.*). It would reduce the disruption to Nationwide's business operations and minimize the transportation, lodging and meal expenses for its witnesses if this case were transferred to the Southern District of Ohio. (Wiencek Decl. ¶ 12).

## III.    THE MOTION TO TRANSFER SHOULD BE GRANTED.

### A.    Plaintiff's Could Have Filed This Action In The Southern District Of Ohio, Thus Satisfying The First Prong Of A Motion To Transfer Venue.

Under the transfer of venue statute, (1) "a district court may transfer any civil action to any other district or division where it might have been brought" for the (2) "convenience of parties and witnesses," and "in the interest of justice." 28 U.S.C. § 1404(a). Congress enacted this provision as a "federal housekeeping measure, allowing easy change of venue within a unified federal system." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254, 102 S.Ct. 252, 265 (1981). Its purpose is "to prevent the waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964).

With respect to the first prong, transfer of this case is appropriate because both proper venue and personal jurisdiction exist in the Southern District of Ohio. Actions can be transferred under Section 1404(a) only to jurisdictions in which the action could have been brought. 28 U.S.C. § 1404(a). Venue is proper in a judicial district in which any defendant resides, and a corporate defendant like Nationwide "resides" in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). Thus, this action against Nationwide certainly could have been brought in the Southern District of Ohio, where it maintains its corporate headquarters and where it is subject to personal jurisdiction.

**B.    This Action Should Be Transferred To The Southern District Of Ohio Because Of The Convenience Of The Parties And Witnesses And The Interests Of Justice.**

The decision to transfer a case is within the sound discretion of the district court judge on a "case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244 (1988).   In this District, the relevant factors to determine whether a transfer would be for the convenience of the parties and witnesses, and "in the interests of justice," include the following:

> (1) plaintiff's choice of forum; (2) convenience of the parties and witnesses; (3) ease of access to the evidence; (4) familiarity of each forum with the applicable law; (5) any local interest in the controversy; and (6) the relative court congestion and time of trial in each forum.

*Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).[4]  As discussed below, a transfer to the Southern District of Ohio satisfies all of these factors.

**1.    The Court Should Give Little Weight To Plaintiffs' Choice Of Forum In Balancing The Factors Affecting Whether A Transfer Of Venue Is Warranted.**

In a transfer analysis, courts generally give great weight to the plaintiff's choice of forum.   However, the weight given to a plaintiff's choice of forum is "substantially attenuated" where the plaintiff has commenced the action in a forum that is *not* his or her residence.   In such cases, a plaintiff's choice of forum is given much less weight in ruling on a discretionary transfer motion. *See, e.g., New Image, Inc. v. Travelers Indem. Co.*, 536 F. Supp. 58, 59 (E.D. Pa. 1981); *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999).   Yet, in the present action, one of the plaintiffs is a citizen of Arkansas, and has had no connection with California during the relevant timeframe of this lawsuit.   Indeed, a plaintiff's chosen forum will be accorded little deference where it is apparent that plaintiff is engaged in "forum-shopping" and is offered an equally convenient forum elsewhere. *See Reiffin*, 104 F. Supp. 2d at 54, n. 12.   Since Plaintiff Wamock, and most of the putative class members would be closer to the Southern District of Ohio, rather than the Northern District of California, Plaintiffs' forum shopping should not be rewarded.

---

[4] The *Williams* court also listed as a factor the "feasibility of consolidation with other claims." *Williams*, 157 F. Supp. 2d at 1106.  Nationwide is unaware of any similar claims against it pending in the Southern District of Ohio, or elsewhere and, for this reason, this factor is not analyzed.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

DEF'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE

8.

U.S.D.C. CASE NO. C3:07-CV-4928 SI

1    Moreover, when a plaintiff purports to represent a nationwide class, the named

2    plaintiff's choice of forum is given less weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987);

3    *Alexander v. Franklin Resources, Inc.*, 2007 WL 518859, *3 (N.D. Cal. Feb. 14, 2007). Indeed, as

4    the United States Supreme Court has noted, "[w]here there are hundreds of potential plaintiffs, 'all

5    of whom could with equal show of right, go into their many home courts, the claim of any one

6    plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.'"

7    *Hoefer v. U.S. Dept. of Commerce*, 2000 WL 890862, *2 (N.D. Cal. June 28, 2000) (quoting *Koster*

8    *v. American Lumebermans Mut. Cas. Co.*, 330 U.S. 518, 524 [1947]).

9    In the instant case, there are 355 potential Plaintiffs from around the country.

10   (Wiencek Decl. ¶ 4). Only 10% of them worked in California (*id.*), and it is doubtful that the

11   Northern District of California is the home forum for all these California residents. Accordingly,

12   this is just the sort of nationwide action in which the Plaintiffs' choice of forum is not entitled to

13   significant weight in the Court's transfer analysis.

14           **2.    Transferring This Action to the Southern District Of Ohio Will Serve the
              Convenience of the Parties and Witnesses.**

15

16   Unlike the Plaintiffs' choice forum, a factor that is entitled to great weight in this

17   Court's transfer analysis is the convenience of the parties and witnesses. *Williams*, 157 F. Supp. 2d
     at 1106. This factor weighs heavily in favor of granting Nationwide's transfer motion.

18

19           **a.    The Southern District Ohio Is A More Convenient Forum For
              Nationwide And Its Witnesses.**

20   As stated above, Nationwide's corporate headquarters along with its key witnesses,

21   and relevant documents are, in large part, located in Columbus. (Wiencek Decl. ¶¶ 3, 5-9). Trial in

22   San Francisco would be extremely costly for Nationwide because it would have to pay the

23   transportation, meal, and lodging costs for its witnesses and suffer disruption of its business

24   operations while its key employees are away from their jobs. (Week Decl. ¶ 12). These expenses

25   and the disruption to Nationwide's business would be dramatically reduced if trial were conducted in

26   Columbus. (Wiencek Decl. ¶ 13). These facts render the Southern District of Ohio a much more

27   convenient forum for Nationwide, and this District has found, in a case with similar facts, that this

28   supports transferring venue. *See Evancho v. Sanofi-Aventis U.S., Inc.*, 2007 WL 1302985, *3-4

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

DEF'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE          9.          U.S.D.C. CASE NO. C3:07-CV-4928 SI

1    (N.D. Cal. May 3, 2007) (discussing, with reference to cases from outside this District, transferring

2    cases to the forum in which a party has its principal place of business).

3         Not only is the Southern District of Ohio more convenient for Nationwide, it is also

4    more convenient for its witnesses.  Section 1404(a) prefers a venue when the burden on witnesses

5    will be clearly reduced.  *In re Funeral Consumers Antitrust Litigation*, 2005 WL 2334362, *4 (N.D.

6    Cal. Sept. 23, 2005).  This Court has described the burden on witnesses – particularly those who

7    have to travel in order to testify at trial – as follows:

8         As for the willing, the convenience-of-witnesses factor looms large.
     These individuals must take time out of their work and private time to
9         travel and from the place of trial, to live away from home and to wait
     around windowless corridors on call to testify.  Back home, they have
10        children to get to school, elderly parents to care for, jobs to do and
     lives to lead – all of which must be managed somehow or put on hold.
11        Although lawyers tend to underestimate this burden, it is genuine, all
     the more so in a distant city.  Even where a witness is an employee of
12        a party and will be paid, the disruption is still a hard fact.  The
     expenses of housing and meals, even if borne by a party, are
13        nonetheless authentic outlays.

14   *In re Funeral Consumers Antitrust Litigation*, 2005 WL 2334362 at *4.

15        These are the precise issues that Nationwide's witnesses will face if this case remains

16   in this District.  They will have to travel, in most cases, for a full work day or more in each direction

17   to get to San Francisco.  Once in San Francisco, they will obviously also have to stay in hotels and

18   wait around the courtroom for their turn to testify.  All the while, they will be unable to fulfill their

19   obligations at home and at work.  However, if this case were tried in Columbus, most of

20   Nationwide's witnesses could be in the courtroom with as little as a couple hours notice because they

21   live and work in Columbus.  This would substantially reduce the disruption to the witnesses'

22   personal lives and work.  Thus, as in *In re Funeral Consumers Antitrust Litigation*, the convenience

23   of witnesses in this case favors transfer.

24           **b.**    **The Southern District Of Ohio Appears To Be More Convenient
     For The Putative Plaintiffs And Their Likely Witnesses.**

25        The geographic location of where Nationwide employed Special Investigators points

26   to the Southern District of Ohio as the much more convenient forum for the vast majority of the

27   putative class members.  Of the two named Plaintiffs in the instant case, only Foster is a California

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

DEF'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE

10.

U.S.D.C. CASE NO. C3:07-CV-4928 SI

resident. (Complaint ¶ 5). During the past four years, Nationwide has employed only 36, or a mere ten percent, of its Special Investigators in California. (Wiencek Decl. ¶ 4). On the other hand, **two hundred seventy,** or **seventy-six percent,** of the Special Investigators worked in the Eastern half of the country. (*Id.*) In similar circumstances – where the majority of the putative class worked for the company outside this District – courts in this District have granted motions to transfer venue. *See Evancho,* 2007 WL 1302985 at *3 (transferring venue of a wage and hour case to the Eastern District of New Jersey, in part, because "a greater number of putative class members lives and works on the east coast rather than on the west coast"); *Williams v. Sears Roebuck & Co.,* 1998 WL 61307, *2 (N.D. Cal. Jan. 29, 1998) (concluding that any inconvenience experienced by the West Coast plaintiffs and their witnesses due to transferring the nationwide class action to the Northern District of Illinois would be overcome by the convenience of a closer forum for the East Coast plaintiffs and their witnesses).

Moreover, Nationwide employed 106 Special Investigators in Ohio, the states bordering Ohio (Indiana, Pennsylvania, Michigan, Kentucky and West Virginia) and New York. (Wiencek Decl. ¶ 4). Anyone of these 106 could likely drive to Columbus for a trial in a shorter time than a plane ride to San Francisco. See *In re Funeral Consumers Antitrust Litigation,* 2005 WL 2334362 at *4 (finding that reduced travel time for defendant and most of the plaintiffs supports transfer of venue).

### 3. Ease Of Access To Sources of Proof Favors Transfer.

Another factor that favors transferring this case to the Southern District of Ohio is the ease of access to sources of proof in that District as opposed to this one. Where, as here, "the location of the evidence is supported by other factors in favor of transfer, the relative ease of access to proof is an important factor to be considered in deciding whether to grant a motion to transfer under section 1404." *Jarvis v. Marietta Corp.,* 1999 WL 638231, *5 (N.D. Cal. Aug. 12, 1999).

With Nationwide's corporate headquarters in Columbus, Ohio, its general human resources policies and practices, pay policies and practices, documents related to the duties and responsibilities of Special Investigators (such as their job descriptions and training materials), policies that Special Investigators are charged with enforcing, and documents supporting Special

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

DEF'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE

11.

U.S.D.C. CASE NO. C3:07-CV-4928 SI

1    Investigators' exempt status were generated in Ohio and are maintained at Nationwide's corporate

2    headquarters. (Wiencek Decl. ¶¶ 3, 5, 7). Payroll records are processed and kept at Nationwide's

3    corporate office, and employee pay is prepared and distributed from there as well. (Wiencek Decl.

4    ¶ 6). Furthermore, most of the Nationwide witnesses who can testify about these matters are

5    likewise located in Columbus. (Wiencek Decl. ¶ 9). Conversely, it is doubtful that there is any bulk

6    of evidence located in this District, given that the putative Plaintiffs are scattered throughout the

7    country and are concentrated in the Eastern United States. *See Evancho*, 2007 WL 1302985 at *4

8    (granting a motion to transfer venue in a wage and hour suit to the location of the defendant's

9    corporate headquarters, in part, because the "policies and practices of defendants that underlie this

10   action originated largely at defendant's headquarters in New Jersey"); *Stewart v. AT&T, Inc.*, 2007

11   WL 1031263, *3 (N.D. Cal. April 3, 2007) (transferring nationwide ERISA class action to San

12   Antonio, in part, because the plan was designed, amended, and administered from the Defendant's

13   headquarters in San Antonio and most of the employees responsible for the plan's fiduciary

14   functions and amendments work and reside in Texas).

15                    **4.    The Southern District Of Ohio Is Familiar With Wage And Hour Law.**

16                    In this case, Plaintiffs claim that Nationwide improperly classified Special

17   Investigators as exempt from the overtime requirements of the FLSA, and therefore, unlawfully

18   failed to pay them overtime for hours worked in excess of forty per week. (Complaint ¶¶ 2, 11-16).

19   Judges in the Southern District of Ohio are undoubtedly as competent as those in this District to

20   apply federal wage and hour law.

21                    Plaintiffs' additional claims that Special Investigators in California "were

22   misclassified as exempt, and therefore denied overtime [and] meal and rest period compensation as

23   required by stated wage and hour laws within the State of California" do not render this a "California

24   case" that is best decided by a California court. While it is true that a California court may be more

25   familiar with California wage and hour law, this is first and foremost a nationwide collective action

26   under the FLSA. Where, as here, the main federal claim is better resolved in the transferee district,

27   pendency of supplemental state law claims should not override that. *In re Funeral Consumers*

28   *Antitrust Litigation*, 2005 WL 2334362 at *6; *see also Hoefer*, 2000 WL 890862 at *3 (concluding

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

DEF'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE                    12.                    U.S.D.C. CASE NO. C3:07-CV-4928 SI

1    that the presence of a supplemental state law claim does not weigh against transferring the case to

2    another district). Indeed, as one judge in this District astutely noted, if the supplemental state law

3    claims could anchor a case to this District even when the main federal claim would better be

4    adjudicated elsewhere, it would be a case of the "tail wagging the dog." *In re Funeral Consumers*

5    *Antitrust Litigation*, 2005 WL 2334362 at *6.

6         In any event, whether Nationwide is liable under either the FLSA or the California

7    wage and hour laws depends on whether it correctly classified Special Investigators as exempt.

8    Nationwide contends, *inter alia*, that its Special Investigators are exempt from overtime

9    requirements based on the administrative exemption under both the FLSA and California law. In

10   this respect, the analysis of the administrative exemption under the FLSA is nearly identical to the

11   analysis required under California law. For instance, California Wage Order No. 4-2001, which

12   covers Nationwide's Special Investigators, specifically provides that "activities constituting exempt

13   and non-exempt work [under the administrative exemption] shall be construed in the same manner as

14   such terms are construed  . . . under the Fair Labor Standards Act" with respect to the types of

15   administrative employees, the categories of work, and discretion and independent judgment. *See*

16   8 Cal. Code Reg. § 11040, ¶ 1(A)(2)(f); 29 C.F.R. §§ 541.201-205, 541.207-208, 541.210,

17   541.215.

18         Furthermore, the California Division of Labor Standards Enforcement ("DLSE"), the

19   state agency empowered to enforce California's labor laws, has opined that, despite certain

20   differences between state and federal law, it "has traditionally followed federal cases and federal

21   regulations, to the extent that such cases and regulations are not inconsistent with state wage and

22   hour provisions, in interpreting and enforcing the various IWC wage orders," and that it "adopts" the

23   definitions of the administrative exemption under the FLSA. *See* DLSE Opinion Letter 1998.10.5;

24   DLSE Opinion Letter 1993.1.7 (Rahm Decl., Exh. K). Finally, the California Court of Appeal has

25   expressly held that "federal authorities are relevant to interpretation of the term 'administrative

26   capacity' [under California law]." *Bell v. Farmers Insurance Exchange*, 87 Cal. App. 4th 805, 816

27   (2001). *See also Bothell v. Phase Metrics, Inc.*, 299 F. 3d 1120, 1129 (9th Cir. 2002) (noting the

28   incorporation of "FLSA analysis" into the interpretation of California Wage Orders).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 W. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.6520

DEF'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE

13.

U.S.D.C. CASE NO. C3:07-CV-4928 SI

1    Thus, while Nationwide anticipates that Plaintiffs will try to portray California wage

2    and hour law as a puzzle that can be solved only by California courts, the similarities between

3    federal and state wage and hour law confirm that this is untrue.   Accordingly, the existence of

4    California claims in this case does not substantially weigh against transferring this case to the

5    Southern District of Ohio.

6         **5.    The Southern District of Ohio Has A Less Crowded Docket.**

7    The respective case loads of this District and the Southern District of Ohio is another

8    reason that this Court should grant Nationwide's motion and transfer this case.   Statistical reports

9    available on uscourts.gov show that in 2006, this District had 8,683 cases pending before fourteen

10   judges, with an average of 620 cases per judgeship.   (Judicial Caseload Profile for the Northern

11   District of California, Rahm Decl., Exh. I).   The Southern District of Ohio, on the other hand, had

12   3,422 cases pending before eight judges, with an average of 428 cases per judgeship.   (Judicial

13   Caseload Profile for the Southern District of Ohio, Rahm Decl., Exh. J).   Transferring this case to the

14   Southern District of Ohio could ease the burden on this Court and may result in a speedier resolution

15   or this matter in Ohio.

16        **6.    This District Does Not Have A Greater Local Interest In This
             Controversy.**

17

18   Plaintiffs are likely to claim that this District somehow has a greater local interest in

19   this controversy than the Southern District of Ohio and that this weighs against transfer.   However,

20   such an argument would be ineffective given that only one named Plaintiff resides in this District

21   and only thirty-six putative California Plaintiffs exist. (Complaint ¶ 6; Wiencek Decl. ¶ 4). The fact

22   that this case includes California wage and hour claims does not confirm, as Plaintiffs might suggest,

23   that this court has a greater local interest in this case.   Rather, it merely suggests that Plaintiffs have

24   selectively chosen to bring only California wage and hour claims, and not claims from other states in

25   which Nationwide employs Special Investigators, in an effort to tie this case to this District.   Indeed,

26   Arkansas, where Plaintiff Wamock worked for Nationwide, has its own overtime law, which

27   requires employers to pay non-exempt employees one-and-a-half times their regular rate for all

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

1  hours over forty per week.  Ark. Stat. § 11-4-211.  Plaintiffs failed to pursue this claim, sacrificing it

2  for California claims in an apparent effort to cast this District as the most appropriate venue for this

3  action.

4          The Southern District of Ohio is the clear epicenter for this case.  The Plaintiffs point

5  their fingers at policies and practices that emanated out of Nationwide's corporate headquarters in

6  Columbus, Ohio.  The key witnesses who can testify about these polices are in, or are closer to,

7  Columbus than to California.  The key documents are primarily located in Columbus.  More than

8  twice the number of Special Investigators worked in Ohio or states bordering Ohio than did in

9  California.  The Southern District of Ohio clearly has a greater local interest in this controversy than

10 this Court.

11 **IV.    CONCLUSION**

12         Based on the foregoing, weighing the relevant factors in a Section 1404(a) transfer

13 analysis, the balance clearly favors transfer of this case to the Southern District of Ohio, Eastern

14 Division, where Nationwide is headquartered, where the bulk of documentary evidence is located,

15 where numerous key witnesses reside, where it is most convenient for the parties (including the

16 majority of putative Plaintiffs), and where the court has a lighter case load.  Accordingly, the Court

17 should grant Nationwide's motion and transfer this action to the Southern District of Ohio, Eastern

18 Division.

19

20 Dated: October 16, 2007                        Respectfully submitted,

21

22                                               RICHARD H. RAHM
                                                 JAMES J. OH
23                                               ANDREW J. VOSS
                                                 LITTLER MENDELSON
24                                               A Professional Corporation
                                                 Attorneys for Defendant
25                                               NATIONWIDE MUTUAL INSURANCE
                                                 COMPANY
26

27

28

LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

DEF'S MEMORANDUM IN SUPPORT OF            15.            U.S.D.C. CASE NO. C3:07-CV-4928 SI
ITS MOTION TO TRANSFER VENUE