1  Donald H. Nichols, MN State Bar No. 78918*
   Nichols@nka.com
2  Paul J. Lukas, MN State Bar No. 22084X*
   Lukas@nka.com
3  Matthew H. Morgan, MN State Bar No. 304657*
   Morgan@nka.com
4  NICHOLS KASTER & ANDERSON, PLLP
   4600 IDS Center
5  80 S. 8th Street
   Minneapolis, MN 55402
6  Telephone: 612-256-3200
   Facsimile: 612-215-6870
7  * admitted *pro hac vice*

8  Matthew C. Helland, CA State Bar No. 250451
   Helland@nka.com
9  NICHOLS KASTER & ANDERSON, LLP
   One Embarcadero Center, Ste. 720
   San Francisco, CA 94111
10 Telephone: 415-277-7235
   Facsimile: 415-277-7238

11 ATTORNEYS FOR PLAINTIFFS

12
                    IN THE UNITED STATES DISTRICT COURT
13                   NORTHERN DISTRICT OF CALIFORNIA

14                                          Case No.: C3:07-CV-4928 SI

15

16 Frank Foster, Phillip Wamock,            **PLAINTIFFS' MEMORANDUM OF**
   individually, on behalf of all others    **LAW IN OPPOSITION TO**
17 similarly situated, and on behalf of the **DEFENDANT'S MOTION TO**
   general public,                          **TRANSFER VENUE PURSUANT TO 28**
                                            **U.S.C. § 1404(a).**
18
                          Plaintiffs,
19                                          Date:              December 7, 2007
          vs.                               Time:              9:00 a.m.
20                                          Court:             10
   Nationwide Mutual Insurance Company,
21                                          Date originally filed:    October 16, 2007
                          Defendant.
22                                          Before the Honorable Susan Illston

23

24

25

26

27

28

## TABLE OF CONTENTS

Introduction .................................................................................................................. 1

Factual and Procedural Background ............................................................................. 2

Legal Argument ............................................................................................................ 3

I.  Defendant's Burden and the Standard for Change of Venue ................................. 3

II. The Court Should deny Defendant's Motion because Defendant is unable to Meet its

    Burden under this Standard ................................................................................. 4

    A.  Considerable Weight should be Afforded to Plaintiffs' Choice of Venue .............. 4

    B.  The Northern District of California Is as or More Convenient for the Parties and

        Witnesses than the Southern District of Ohio ................................................ 5

        1.  Convenience of Defendant. ....................................................................... 5

        2.  Convenience of Plaintiffs ......................................................................... 7

    C.  The Southern District of Ohio does not Provide Easier Access to Evidence ......... 8

    D.  The Northern District of California is More Familiar with California Law ........... 8

    E.  The Northern District is Less Congested than the Southern District of Ohio ........ 9

    F.  The Northern District Has a Greater Local Interest in this Controversy ............. 9

Conclusion .................................................................................................................... 9

## TABLE OF AUTHORITIES

### Cases

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986) ............................. 4

*DeFazio v. Hollister Employee Share Ownership Trust*, 406 F. Supp. 2d 1085 (E.D. Cal. 2005).. 8

*Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7 (2nd Cir.1995) ............................................................ 6

*Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530 (N.D. Cal. 2005) ...................................... 7

*Enserch Int'l Exploration, Inc. v. Attock Oil Co., Ltd.*, 656 F. Supp. 1162 (N.D. Tex. 1987) ......... 4

*Evancho v. Sanofi-Aventis U.S., Inc.*, 2007 WL 1302985 (N.D. Cal. May 3, 2007) ........ 1, 2, 3, 5, 9

*Flotsam of California, Inc. v. Huntington Beach Conference and Visitors Bureau*, 2007 WL

    *1152682 (N.D. Cal. April 18, 2007)* ....................................................................................... 5

1   *Futures Trading Comm'n v. Savage*, 611 F.2d 270 (9th Cir. 1979)................................................ 4

2   *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503 (C.D. Cal. 1992) . 3

3   *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163 (S.D. Texas 1994).. 6

4   *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989) ......................................................... 2, 3

5   *Investor Protector Corp. v. Vigman*, 764 F.2d 1309 (9th Cir. 1985) ............................................. 4

6   *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004)...................................... 3

7   *Lynch v. United Services Automobile Ass'n*, 1:07-cv-562-CM-KNF (S.D.N.Y.) ........................... 9

8   *Moore v. Motor Coach Industries, Inc.*, 487 F. Supp. 2d 1003 (N.D. Ill. 2007) ............................ 6

9   *Olympia Steel Buildings Systems Corp.*, 2007 WL 1816281 (W.D. Pa. June 22, 2007)................. 6

10  *Salinas v. O'Reilly Automotive, Inc.*, 358 F. Supp. 2d 569 (N.D. Tex. 2005)............................ 4, 5

11  *Strigliabotti v. Franklin Resources, Inc.*, 2004 WL 2254556 (N.D. Cal. Oct. 5, 2004).......... 4, 6, 9

12  *Wade v. Indus. Finding Corp.*, 1992 WL 207926 (N.D. Cal. May 28, 1992) ................................. 4

13  *Williams v. Bowman*, 157 F. Supp. 2d 1103 (N.D. Cal. 2001) ................................................. 3, 5

**Statutes**

15  *28 U.S.C. § 1404(a)* ..................................................................................................................... 3

16  *29 U.S.C. § 216(b)* ....................................................................................................................... 3

17  *29 U.S.C. § 255(a)* ....................................................................................................................... 7

18  *29 U.S.C. § 256* ........................................................................................................................... 2

19  *Cal. Bus. Prof. Code § 17208* ..................................................................................................... 7

20  *Fed. R. Civ. P. 32(a)* ................................................................................................................... 7

**<u>STATEMENT OF THE ISSUES</u>**

Has Defendant met its burden of proving that the facts warrant a transfer of venue from the Northern District of California to the Southern District of Ohio?

ANSWER:    No.

1

**<u>INTRODUCTION</u>**

2      Defendant's motion for a change of venue to the Southern District of Ohio presumes a

3  case that does not currently exist.  It presumes the court has already granted FLSA conditional

4  certification and judicial notice.  It presumes every eligible plaintiff nationwide has opted-in to

5  the action.  And it presumes Plaintiffs have succeeded in obtaining a third year of damages and

6  are even entitled to a fourth year of damages – despite the fact that only the California Plaintiffs

7  are eligible for such benefit.  Indeed, Defendant wants this Court to believe this case is already

8  configured in a way that Defendant will later vigorously attempt to prevent.  It is this fictional

9  case that Defendant erroneously uses as the backdrop in support of its motion.  Such reliance is

10  fatal to its motion.

11      Defendant's attempts to draw parallels between <u>Evancho v. Sanofi-Aventis U.S., Inc.</u>,

12  2007 WL 1302985 (N.D. Cal. May 3, 2007) and this case do not save its argument.  On the

13  contrary, the important distinctions between this case and <u>Evancho</u> should persuade this Court not

14  to rule as it did there, and deny Defendant's motion here.  For example, California has the largest

15  number of Special Investigators employed by Defendant in the last four years (36), and Plaintiffs'

16  Rule 23 class action claims under California law makes the California Special Investigators not

17  only the largest state putative class in the country, but currently the <u>only</u> putative class.

18  Conversely, there are currently no Ohio plaintiffs in the case, nor is there an Ohio state law class

19  action claim creating an Ohio putative class.  Defendant's plea for litigation in the backyard of its

20  corporate headquarters is further suspect, since one of its subsidiaries, Allied Insurance, maintains

21  regional headquarters in northern California and employed one of the Plaintiffs – and presumably

22  many other potential Plaintiffs.

23      Defendant's motion should be denied for a host of additional reasons.  First, Plaintiffs'

24  choice of venue should be given considerable deference because Plaintiff Foster resides in this

25  District, he worked for Defendant in this District, and represents a California class whose claims

26  are based on California law.  Second, it is more convenient for the parties and witnesses to litigate

27  this case in California than in Ohio because the important critical facts in this misclassification

28  overtime case – job duties and hours worked – will likely be decided with testimony and

-1-

1   documents provided by the Special Investigators, their co-workers, and their direct managers – all

2   of whom live and work across the country, not in Ohio.  Because California has the only putative

3   class, and the largest number of potential class members, it is reasonable to conclude that more

4   witnesses and Plaintiffs will be in California than anywhere else in the country.   Third, this

5   District is more familiar with California law than the Southern District of Ohio.  Finally, as noted

6   in Evancho, California has an interest in protecting the rights of the putative California class

7   members.  For these, and all the reasons that follow, Defendant's motion should be denied.

8                   **FACTUAL AND PROCEDURAL BACKGROUND**

9         Two individual Plaintiffs, one residing in the Northern District of California, the other in

10  Arkansas, brought this California class action and nationwide collective action for unpaid

11  overtime compensation, failure to provide wage statements, waiting time penalties, and meal and

12  rest break compensation, pursuant to the Fair Labor Standards Act ("FLSA"), the California

13  Labor Code, and the California Unfair Competition Act. See Dkt. 1. The named Plaintiffs are or

14  were employed as Special Investigators for Defendant, and alleged they were improperly

15  classified as "exempt" employees and unlawfully denied overtime and other compensation as a

16  result. Id. at ¶¶ 5-6.

17        Defendant Nationwide Mutual Insurance Company is a national property and casualty

18  company. See Wieneck Decl., ¶ 3. It maintains offices throughout the country, including

19  California. See Dkt. 13 at ¶ 7.  Its affiliate, Allied Insurance, maintains regional offices in

20  Sacramento, Camarillo and Law Mesa, California. See Exhibit A.  Plaintiff Wamock worked for

21  Defendant as a Special Investigator through this affiliate for at least part of his employment. See

22  Wamock Aff. at ¶ 2.

23        Unlike Rule 23 class actions – like the one Plaintiffs brought here under California state

24  law – similarly situated plaintiffs must "opt-in" to FLSA collective actions, and the statute of

25  limitations continues to run until they file a "consent to join" form with the Court. See 29 U.S.C.

26  § 256.  For this reason, Courts routinely "conditionally certify" FLSA classes, and approve the

27  distribution of judicial notice of the case to potential plaintiffs explaining their right to join by

28  filing a consent form. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169-70 (1989);

-2-

1    <u>Leuthold v. Destination America, Inc.</u>, 224 F.R.D. 462, 467 (N.D. Cal. 2004) (citations omitted).

2    Defendant brings this motion to change venue before Plaintiffs' motion for FLSA

3    conditional certification and judicial notice pursuant to 29 U.S.C. § 216(b) and <u>Hoffman-

4    LaRoche</u>.    Therefore, the other Special Investigators employed by Defendant have not received

5    notice of this lawsuit, and have joined only as the result of Plaintiffs' informal efforts and word of

6    mouth.  To date, there are 16 Plaintiffs who have filed consents to join this lawsuit in this manner

7    – 4 in California, 1 in Arizona, 1 in Arkansas, 1 in Georgia, 2 in Missouri, 1 in Mississippi, 1 in

8    Nevada, and 5 in Texas.[1] Morgan Aff., ¶ 2.  According to Defendant's data, there have been 36

9    Special Investigators over the past four years who worked in California, making California the

10    state with the largest number of Special Investigators employed during this period.  <u>See</u> Dkt. 15,

11    p. 3; Wieneck Decl., ¶ 4.  No Special Investigators from Ohio have filed a consent to join form in

12    this case, and Plaintiffs have not moved to amend to add any claims under Ohio, or any other,

13    state laws.

14    **LEGAL ARGUMENT**

15    **I.    DEFENDANT'S BURDEN AND THE STANDARD FOR CHANGE OF VENUE.**

16    To justify a transfer of venue pursuant to 28 U.S.C. § 1404(a) the moving party must

17    establish: (1) that venue is proper in the transferor district; (2) that the action could have been

18    brought in the transferee district; and (3) that the transfer will serve the convenience of the parties

19    and witnesses and promote the interests of justice.  <u>Evancho</u>, 2007 WL 1302985, *1 (citing

20    <u>Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.</u>, 820 F. Supp. 503, 506 (C.D. Cal.

21    1992)).  The factors to determine the third element of this analysis include: (1) plaintiffs' choice

22    of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to

23    the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation

24    with other claims; (7) any local interest in the controversy; and (8) the relative court congestion

25    and trial time in each forum.  <u>Evancho</u>, 2007 WL 1302985, *1 (citing <u>Williams v. Bowman</u>, 157

26    F.Supp.2d 1103, 1006 (N.D. Cal. 2001)).

27

28    _____
[1] On Friday, November 16, 2007, Plaintiffs' counsel received an additional consent to join form making the total number 17.  Such consent form has not yet been filed with the Court.

The burden is on Defendant to show that when applying these factors, the balance of convenience "clearly favors transfer." Strigliabotti v. Franklin Resources, Inc., 2004 WL 2254556, *3 (N.D. Cal. Oct. 5, 2004 (citing Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979)); see also Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiffs' choice of the forum.") (citations omitted).  It is inappropriate to transfer a case pursuant to 28 U.S.C. § 1404(a) where the transfer merely shifts the convenience from one party to the other. Decker Coal Co., 805 F.2d at 843; see also Salinas v. O'Reilly Automotive, Inc., 358 F. Supp. 2d 569, 572 (N.D. Tex. 2005) (denying Defendant's motion to transfer venue of a collective action under the FLSA to the District in which Defendant's headquarters was located) (citing Ensersch Int'l Exploration, Inc. v. Attock Oil Co., Ltd., 656 F. Supp. 1162, 1167 n. 15 (N.D. Tex. 1987)).

## II.    THE COURT SHOULD DENY DEFENDANT'S MOTION BECAUSE DEFENDANT IS UNABLE TO MEET ITS BURDEN UNDER THIS STANDARD.

### A.    Considerable Weight Should be Afforded to Plaintiffs' Choice of Venue

Courts in the Ninth Circuit afford considerable weight to a plaintiff's choice of venue. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).  While in class actions a plaintiff's choice of venue is generally given less weight, if there is a significant connection between the forum and activities alleged in the Complaint, weight to plaintiff's choice of venue should still be accorded. Strigliabotti, 2004 WL 2254556, *3 (citing Wade v. Indus. Finding Corp., 1992 WL 207926, *3 (N.D. Cal. May 28, 1992)); Investor Protector Corp. v. Vigman, 764 F.2d 1309 (9th Cir. 1985).

Plaintiffs' choice of venue should be afforded considerable weight for two reasons.  First, Plaintiff Foster is a resident of this District.  As a misclassification case, the crux of this case will be Plaintiffs' job duties and hours worked.  For all 36 California Class members, most of the evidence regarding these critical issues will come from the Special Investigators themselves, their co-workers and immediate supervisors – all of whom were eyewitnesses to these critical facts. The largest group of Plaintiffs in this case – currently 4 opt-in Plaintiffs and 32 putative Rule 23

-4-

1    class members - presumably live and work in California.

2         Second, the operative facts have occurred in the Northern District of California.  As a

3    result, this Court has an interest in the parties and the subject matter, and considerable weight

4    should be given to Plaintiffs' choice of venue. <u>Evancho</u>, 2007 WL 1302985, *2; <u>see also</u> <u>Salinas</u>,

5    358 F. Supp. 2d at 571 (noting that the opt-in structure of collective actions strongly suggests that

6    Congress intended to give plaintiffs considerable control over where to bring an FLSA action, and

7    concluding that Plaintiff's choice of venue was entitled to respect).

8         Defendant argues that little or no weight should be afforded Plaintiffs' choice of venue

9    because one of the named Plaintiffs resides in Arkansas. <u>See</u> Dkt. 15 at p. 8.  It relies on cases

10   where plaintiffs commenced actions in Districts in which they did not reside.  Such arguments

11   and cases are wholly inapplicable to this case because there is no question that Plaintiff Foster

12   lives and works for Defendant in the Northern District of California.  The notion that Plaintiffs

13   are "forum shopping" lacks all credibility when the first Plaintiff to commence the action does so

14   in the same district in which he lives, where he works and where he has been cheated

15   compensation by his employer. <u>See</u> Morgan Aff. at ¶ 3.

16        **B.**     **<u>The Northern District of California Is as or More Convenient for the Parties</u>**

17              **<u>and Witnesses than the Southern District of Ohio</u>**

18        Defendant relies on <u>Williams v. Bowman</u>, 157 F. Supp. 2d 1103 (N.D. Cal. 2001) for the

19   proposition that the convenience of the parties and witnesses is a factor that is entitled to "great

20   weight." Dkt. 15 at p. 9.  This reliance is misleading as no such statement is made in <u>Williams</u>.

21   Nonetheless, it is the Defendant's burden to show the Southern District of Ohio is more

22   convenient for the parties and witnesses than this District. Defendant has failed meet its burden.

23        **1.**     **Convenience of Defendant.**

24        Defendant argues that its "witnesses" (all of whom are employees) are mostly located in

25   Columbus, Ohio, and therefore it is more convenient for this case to be litigated in Ohio.

26   Defendant ignores the distinction made in this District and around the country that the primary

27   consideration on convenience rests not on employee witnesses (like those on which Defendant

28   relies) but on third party witnesses. <u>Flotsam of California, Inc. v. Huntington Beach Conference</u>

1   and Visitors Bureau, 2007 WL 1152682, *3 (N.D. Cal. April 18, 2007) (citing Gundle Lining

2   Constr. Corp. v. Fireman's Fund Ins. Co., 844 F. Supp. 1163, 1166 (S.D. Texas 1994) ("It is the

3   convenience of non-party witnesses, rather than that of employee witnesses, [ ] that is the more

4   important factor and is accorded greater weight.")); Strigliabotti, 2004 WL 2254556 at *5

5   (citations omitted).   Importantly, Defendant fails to identify any third party witness to this

6   litigation – let alone third-party witnesses for whom this District would be inconvenient.  Instead,

7   Defendant merely identifies corporate employees who generally live and work in Columbus, Ohio

8   and would have to travel to California in the rare instance a trial occurs. See Effron v. Sun Line

9   Cruises, Inc., 67 F.3d 7, 10 (2nd Cir.1995) (holding "forum is not necessarily inconvenient

10  because of its distance from pertinent parties or places if it is readily accessible in a few hours of

11  air travel").

12      Similar to Defendant, in Olympia Steel Buildings Systems Corp. v. General Steel

13  Domestic Sales LLC, the defendants argued that transfer from the Western District of

14  Pennsylvania to the District of Colorado was appropriate, in part, because two of the corporate

15  defendants resided in Colorado and their employees were all located in Colorado. Olympia Steel

16  Buildings Systems Corp., 2007 WL 1816281, *7 (W.D. Pa. June 22, 2007).  The Court rejected

17  this argument and persuasively reasoned:

18      "[T]he convenience of witness[es] that are employees of a party carries no weight
        because the parties are obligated to procure their attendance at trial"…As to the
19      expense associated with transporting these employees to Pennsylvania for trial
        testimony, General Steel and Anthem have not argued such testimony could not be
20      effectively presented via videotaped trial depositions…To the extent that General
        Steel and Anthem speak of third party witnesses, they have not identified who
21      these individuals are, how their testimony is relevant, and whether these
        individuals would in fact be willing to testify.
22

23  Id. at *7.

24      For the same reasons the Olympia Steel Building Systems Corp. court deemed defendants'

25  arguments on convenience unpersuasive, this Court should as well.  Defendant has failed to

26  identify any third party witness. See also Moore v. Motor Coach Industries, Inc., 487 F. Supp. 2d

27  1003, 1008 (N.D. Ill. 2007) (neither party identified a single material third-party witness located

28  in Illinois and therefore the court found the convenience of witnesses factor as neutral).

1  Defendant also completely ignores the option of presenting employee testimony by videotaped

2  trial deposition. <u>See</u> Fed. R. Civ. P. 32(a).

3  Defendant greatly exaggerates the number of corporate witnesses in Ohio that will be

4  necessary in this case.  While its headquarters is in Columbus, Ohio, Defendant is a nationwide

5  insurance company having employees and offices in nearly every state including California.  It is

6  true that a handful of corporate employees will have to testify in a Rule 30(b)(6) deposition in

7  connection with its nationwide policies and practices, but far more witnesses will come from the

8  eye witnesses to the critical facts in this case, and these witnesses are located across the country.

9  Because the California class constitutes the largest concentration of Special Investigators, on

10  balance, there are likely far more important party witnesses in California than in Ohio.[2]

11  ### 2.    Convenience of Plaintiffs

12  Defendant argues that the Southern District of Ohio is more convenient for Plaintiffs

13  because there are more putative class members who reside in the "Eastern half of the country"

14  than in California.  Defendant's argument is based on erroneous legal assumptions and fuzzy

15  math.  First, notwithstanding the fact that Defendant failed to define the phrase "Eastern half of

16  the country" (leaving Plaintiffs and this Court to speculate which states comprise this category),

17  Defendant's argument ignores the current reality of the case.  Currently, of the 16 opt-in

18  Plaintiffs, 11 are from "Western" states (4 California, 1 Arizona, 1 Nevada, and 5 Texas) and 5

19  from "Eastern" states (1 Arkansas, 1 Georgia, 2 Missouri, 1 Mississippi). Morgan Aff., ¶ 2.  In

20  addition, California is the only putative class, with 32 remaining members of that class.

21  Second, Defendant's statistics are based on a list of Special Investigators who worked for

22  Defendant during the last four years, even though the applicable statute for their claims is two

23  years.  Only the California Plaintiffs have a four year statute of limitations. <u>See</u> Cal. Bus. Prof.

24  Code § 17208.  The FLSA, which is currently the only claim the "Eastern" plaintiffs have, is a

25  two year statute, with a third year for willfulness. 29 U.S.C. § 255(a).  Therefore, because

26

27  [2] Even if this Court were inclined to determine that transfer is more convenient for Defendant, such a finding cannot alone justify transfer as courts should not transfer cases merely to switch

28  the inconvenience from Defendant to Plaintiffs.  <u>See Ellis v. Costco Wholesale Corp.</u>, 372 F. Supp. 2d 530, 541 (N.D. Cal. 2005).

1   Defendant is obviously not conceding willfulness, Defendant's totals for Ohio and elsewhere

2   except California should be reduced by one-third to one-half – rendering Defendant's claim of 24

3   potential Ohio plaintiffs to 15 to 18, while the current California Plaintiff number remains 36.

4       Third, Defendant ignores the fact that because the Court has not granted judicial notice, it

5   is impossible to determine how many Plaintiffs will participate in the action, and therefore, how

6   many critical witnesses live in "Western" or "Eastern" states.   Because Defendant is certainly

7   going to contest conditional certification and notice, it should not have the benefit for purposes of

8   this motion a result it will contest in the future.

9       Finally, Defendant ignores the reality of nationwide collective actions.  Most often the

10  putative class members' depositions are taken in their home districts. Some may testify at trial,

11  but many do not.   Thus, transfer to Ohio serves no real practical purpose for putative class

12  members in the "Eastern half of the country" even if the Court accepted Defendant's calculations

13  as accurate.

14          **C.      The Southern District of Ohio does not Provide Easier Access to Evidence**

15      Many of the important facts will come from Special Investigators and their direct

16  supervisors who, as Defendant has acknowledged, are scattered across the country.  The corporate

17  documents that will be used as evidence in this case are presumably stored in electronic format.

18  Defendant argues that such documents (policies and payroll information) are located in

19  Columbus, Ohio – making the Southern District of Ohio a superior forum. But Defendant must do

20  more than generally allege that certain relevant documents are located in Columbus.  Because of

21  modern technology and the ease of moving documents, Defendant must show that moving the

22  records would cause hardship. <u>DeFazio v. Hollister Employee Share Ownership Trust</u>, 406 F.

23  Supp. 2d 1085, 1090-91 (E.D. Cal. 2005) (citations omitted).   Defendant has made no such

24  showing and cannot do so because the information that Defendant has represented as pertinent to

25  this lawsuit is typically stored in electronic format making production quite simple.

26          **D.      The Northern District of California is More Familiar with California Law**

27      There are California state law claims at issue in this case including overtime, meal and

28  rest breaks claims, failure to provide wage statements and waiting time claims.  This factor alone

-8-

1    favors the Northern District of California as the appropriate forum. Evancho, 2007 WL 1302985

2    at *4.   Contrary to Defendant's representations, the California state law claims are unique to

3    California and are not mirror images of the FLSA.   Indeed, counsel for Defendant vigorously

4    highlighted the substantial differences between the FLSA and the "novel and complex" California

5    state law claims by unsuccessfully challenging a recent motion to amend California state law

6    claims in a different special investigator case in the Southern District of New York. Lynch v.

7    United Services Automobile Ass'n,  1:07-cv-562-CM-KNF  (S.D.N.Y.),  Dkt.  79,  pp.  7-10,

8    attached to Morgan Aff. as Exhibit B ("The California claims implicate eight different California

9    statutes and/or wage orders, and present novel and complex issues of state law").

10    **E.      The Northern District is Less Congested than the Southern District of Ohio**

11    Defendant argues that transfer could ease the burden on this Court and "may" result in a

12    speedier resolution in Ohio.   In so doing, Defendant relies on the number of cases each District

13    had pending in 2006.   This Court has noted, however, that the better measure of court congestion

14    is time from filing to disposition. Strigliabotti, 2004 WL 2254556 at *6.

15    The very statistics on which Defendant relies actually shows that the Northern District of

16    California is less congested than the Southern District of Ohio: in 2006 the median time from

17    filing to disposition in this District was 7.4 months compared with 12.6 months in the Southern

18    District of Ohio. See Exhibit C.

19    **F.      The Northern District Has a Greater Local Interest in this Controversy**

20    "California has an interest in protecting the rights of the putative California class

21    members." Evancho, 2007 WL 1302985 at *4.   Plaintiff Foster is a resident of this District.

22    Defendant has identified 35 other California Class members who live and work in California.

23    There are currently no Ohio plaintiffs or Ohio specific state law claims.   These reasons alone

24    render this District as having a greater local interest than the Southern District of Ohio.

25    **CONCLUSION**

26    In seeking transfer, Defendant wants the benefit of results it will later contest.   Its

27    argument presumes Plaintiffs will succeed on conditional certification and judicial notice, adding

28    state law claims, and for summary judgment on third year willful claims.   These are results to

-9-

1   which Defendant will undoubtedly not stipulate.  Defendant's motion also presumes that 100% of

2   the potential plaintiffs will actually be plaintiffs in this case – a presumption the parties and this

3   Court know to be unrealistic.  So until and unless this case progresses to the stage Defendant

4   presumes, Defendant's arguments are fundamentally flawed.

5        Regardless, Plaintiffs' choice of forum, the national nature of the case, the wide

6   geographic diversity of the witnesses most critical to the claims, the significant size of the

7   California class, and the import and uniqueness of the California state law claims make this Court

8   the best Court to hear this case even under Defendant's presumptive backdrop.  For all these

9   reasons, Defendant has undoubtedly failed to meet its burden, and its motion for a change of

10  venue should be denied.

11

12  Dated: November 16, 2007                     s/ Matthew H. Morgan

13                                               **NICHOLS KASTER & ANDERSON, PLLP**
                                                 Donald H. Nichols, MN State Bar No. 78918*
14                                               Nichols@nka.com
                                                 Paul J. Lukas, MN State Bar No. 22084X*
15                                               Lukas@nka.com
                                                 Matthew H. Morgan, MN State Bar No. 304657*
16                                               Morgan@nka.com
                                                 4600 IDS Center
17                                               80 S. 8th Street
                                                 Minneapolis, MN 55402
18                                               * admitted *pro hac vice*

19                                               **NICHOLS KASTER & ANDERSON, LLP**
                                                 Matthew C. Hallend, CA State Bar No. 250451
20                                               Helland@nka.com
                                                 One Embarcadero Center
21                                               Ste. 720
                                                 San Francisco, CA 94111

22                                               ATTORNEYS FOR PLAINTIFFS

23

24

25

26

27

28

1

2

### CERTIFICATE OF SERVICE
Foster, et al. v. Nationwide Mutual Insurance Company
**Case No. 3:07-cv-04928-SI**

3

I hereby certify that on November 16, 2007, I caused the following document(s):

4

**Plaintiffs' Memorandum Of Law In Opposition To Defendant's Motion To Transfer Venue Pursuant To 28 U.S.C. § 1404(A), Declaration of Matthew H. Morgan in Support of Plaintiffs' Memorandum, Exhibit A, Exhibit B and Exhibit C**

5

6

to be served via ECF to the following:

7

Richard Rahm
Littler Mendelson P.C.
650 California Street, 20th Floor
San Francisco, California 94108

8

9

Counsel for Defendant

10

11

| Dated:  November 16, 2007 | NICHOLS KASTER & ANDERSON, PLLP |
|---|---|

12

s/ Matthew H. Morgan

13

**NICHOLS KASTER & ANDERSON, PLLP**
Donald H. Nichols, MN State Bar No. 78918*
Nichols@nka.com
Paul J. Lukas, MN State Bar No. 22084X*
Lukas@nka.com
Matthew H. Morgan, MN State Bar No. 304657*
Morgan@nka.com
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
* admitted *pro hac vice*

14

15

16

17

18

19

**NICHOLS KASTER & ANDERSON, LLP**
Matthew C. Hallend, CA State Bar No. 250451
Helland@nka.com
One Embarcadero Center
Ste. 720
San Francisco, CA 94111

20

21

22

ATTORNEYS FOR PLAINTIFFS

23

24

25

26

27

28