# Exhibit B

**LITTLER MENDELSON, P.C.**
One Newark Center
Eighth Floor
Newark, NJ  07102.5311
973.848.4700

Counsel for Defendant
UNITED SERVICES AUTOMOBILE ASSOCIATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CIVIL ACTION NO. 1:07-CV-00562-CM

WILLIAM LYNCH, on behalf of
himself and others similarly situated,

    Plaintiff,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION,

    Defendant.
_____/

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO AMEND THE COMPLAINT**

(rejecting plaintiff's argument that plaintiffs should be allowed as a matter of fairness and economy to pursue state law claims together with FLSA claim in order to avail themselves of longer state statute of limitations, noting "[t]his argument flies in the face of Congress's express intent to limit the scope of these actions in federal court") (citations omitted).

The proposed California claims do not mirror the FLSA claims; their litigation in this lawsuit will require unique discovery focused on witnesses and evidence that is sourced thousands of miles from this Court, and a different analytical focus which will predominate over this case's original inquiry, and the basis for this Court's decision to grant conditional collective status: whether a similarly-situated group of individuals are entitled to relief under the FLSA.[1]

### D. The Court Should Decline Supplemental Jurisdiction Under 28 U.S.C. § 1367(c)(1) and 1367(c)(4) Because the Claims Raise Novel and Complex Issues of State Law and Present the Potential for Jury Confusion.

Plaintiffs' proposed amendment seeks to interject four different counts based on a multitude of different California statutes and administrative orders. The California claims implicate eight different California statutes and/or wage orders, and present novel and complex issues of state law. These issues arise particularly in the area of appropriate remedies. Indeed, plaintiffs readily concede the primary purpose of the amendment is to avail the nine California Plaintiffs of additional remedies under

---

[1] In this regard, this case is distinguishable from *Iglesias-Medoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007). In *Iglesias-Medoza*, the court exercised supplemental jurisdiction over the New York Labor Law claims of New York FLSA plaintiffs who worked in New York, and who alleged parallel violations of New York's wage payment laws and the FLSA ("the state law claims essentially replicate the FLSA claims"). 239 F.R.D. at 374. Here, by contrast, the California claims do not "essentially replicate" the FLSA claim, and the prospect of predominance of the state claims is manifest.

California law. Pl's Br. p. 4; Prayer for Relief. While USAA vigorously disputes that plaintiffs are entitled to *any* relief, to the extent they are, the proposed California claims will thrust into this case complicated issues regarding the interpretation of California's various statutes on the issue of proper remedy.

For example, the only proper relief authorized under Section 17200 of the California's Business and Professions Code is restitutionary and injunctive relief. Cal. Bus. & Prof. Code § 17203. A cursory review of California law reveals that California courts themselves have struggled with how to characterize relief under California Business Code § 17200, *et. seq.*, and the interplay between such relief under California law and other laws. *See, e.g., Cortez v. Purolator Air Filtration Prods*, 999 P.2d 706 (Cal. 2000) (discussing complex issues relating to remedial scope of § 17200's provisions regarding restitutionary relief where alleged failure to pay wages was at issue); *Hodge v. Superior Court*, 145 Cal. App. 4th 278 (Cal. App. 2006) (same, in the context of request for jury trial). Moreover, the practical difficulty of this court enjoining alleged California legal violations underscores the inherent problems with exercising jurisdiction over the claims.

In addition, plaintiffs' proposed Fifth Claim For Relief alleges that Defendant violated California Labor Code and IWC Wage Order provisions concerning wage-related record keeping. Consideration of the claim will necessarily focus on nuances in California law in that area, not implicated by plaintiffs' federal claims.

Finally, plaintiffs' proposed California claims will focus on California plaintiffs' proper classification under California law, an analysis which is distinct from that under the FLSA. *Compare Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785, 797

(Cal. 1999), Cal Lab. Code § 515(A) (discussing purely quantitative analysis in determining exempt status) *with Rutlin v. Prime Succession, Inc.*, 220 F.3d 737 (6th Cir. 2000); 29 C.F.R. § 541.214(a) (permitting qualitative analysis of duties to determine exempt status); *Takacs v. A.G. Edwards & Sons*, 444 F. Supp.2d 1100 (S.D. Cal. 2006) (conducting separate analyses of exemptions under Federal and California law).

In situations where one or multiple states' laws have present novel or complex issues, courts have routinely declined to exercise supplemental jurisdiction over the state law claims and/or have found it unmanageable in one action to maintain parallel groups of employees proceeding under a multitude of different states' laws. *DeAsencio*, 342 F.3d at 309-11 (finding lower court should not have exercised supplemental jurisdiction over novel state law claims); *Zelaya v. Macias*, 999 F. Supp. 778, 783 (E.D.N.C. 1998) (finding "compelling reasons" under Section 1367(c)(4) to decline supplemental jurisdiction over state law wage payment claim in FLSA action, finding that "confusion" associated with dual prosecution of such claims "is another valid reason to decline supplemental jurisdiction."); *cf. In re: Prempro Prods. Liability Litig.*, 230 F.R.D. 555, 568 (W.D. Ark. 2005) ("It is well established that the application of multiple state laws can render a case unmanageable."); *Lichoff, et. al. v. CSX Transportation*, 218 F.R.D. 564, 574-75 (N.D. Ohio 2003) (rejecting class certification and noting complexities involved in certifying class with claims invoking the laws of multiple states). It makes no sense whatsoever to try these California state law claims, requiring the presentation of evidence and testimony from management witnesses located thousands of miles away from this judicial forum, in a case that was originally premised upon plaintiffs' argument that *all* of the claimants are "similarly situated," such that their

claims can be manageably litigated based upon representational proof.

## CONCLUSION

The legal authority underlying the creation and approval of the use of the collective action procedure under Section 216(b) was premised in part upon the efficiencies obtained through litigating common claims together in one courtroom. Accordingly, the law requires plaintiffs to demonstrate the existence of a similarly situated group of persons, and the scope of such actions are limited by requiring the "opt in" procedure. The device was not meant as a conduit for plaintiffs to bring disparate state law claims into an action once they decide to join their FLSA claims with the named plaintiff and opt-in to the litigation. Principles regarding the proper exercise of supplemental jurisdiction appropriately ensure that the claims of certain opt-in plaintiffs do not predominate over the rest, and ensure that only those claims the Defendant reasonably expected to litigate in a collective action actually proceed in one forum. Plaintiffs' motion should be denied because the addition of multiple, varying counts under California law threatens the "similarly situated" requirement, and raises state law issues that are inappropriate for resolution in the context of this action.

DATED this 29th day of August, 2007.

William P. McLane (WPM 9482)
LITTLER MENDELSON, P.C.
One Newark Center
Eighth Floor
Newark, NJ 07102.5311
Tel.: (973) 848-4700
Fax: (973) 643-5626
wmclane@littler.com


By:___/s William P. McLane