RICHARD H. RAHM, State Bar No. 130728
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone:  415.433.1940
Facsimile:  415.399.8490

JAMES J. OH, IL State Bar No. 6196413 (*pro hac vice* forthcoming)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
Telephone:  312.372.5520
Facsimile:  312.372.7880

ANDREW J. VOSS, MN State Bar No. 0241556
LITTLER MENDELSON
A Professional Corporation
80 South 8th Street
1300 IDS Center
Minneapolis, Minnesota 55402.2136
Tel: 612.630.1000
Fax: 612.630.9626

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Frank Foster, Phillip Wamock, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>Nationwide Mutual Insurance Company,<br><br>Defendant. | Case No. 07 4928<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**<br><br>Date: December 7, 2007<br>Time: 9:00 a.m.<br>Ctrm: 10<br><br>Before the Honorable Susan Illston |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER

U.S.D.C. CASE NO. C3:07-CV-4928 SI

**TABLE OF CONTENTS**

PAGE

I.  INTRODUCTION ..................................................................................................................... 1

II. ARGUMENT ............................................................................................................................. 1

    A.    Plaintiffs Do Not Contest That Nationwide Satisfies The First Prong Of A Motion To Transfer Because This Action Could Have Been Filed In The Southern District Of Ohio ........................................................................................................ 1

    B.    Plaintiffs Cannot Refute That This Action Should Be Transferred Based On The Convenience Of The Parties And Witnesses And The Interests of Justice .......... 2

        1.    Plaintiffs Have Not Established That Their Choice Of Forum Is Entitled To "Considerable Weight" Or That It Precludes Transfer ................. 2

        2.    Plaintiffs Cannot Refute That Transferring This Action To Ohio Will Serve The Convenience Of The Parties And Witnesses ................................. 4

            a.    Ohio Is A More Convenient Forum For Nationwide And Its Witnesses, And Plaintiffs Cite Nothing To the Contrary .................... 4

            b.    It Is Irrefutable That Ohio Would Be A More Convenient Venue For Plaintiffs, Their Witnesses And Putative Class Members ........................................................................................... 5

                (1)    The Analysis Of Plaintiffs' Convenience Is Not Materially Affected If The Court Looks At The Number of Special Investigators That Nationwide Employed Over The Past Two Or Three Years ....................................... 6

                (2)    The Southern District Of Ohio Would Be More Convenient For Any Third-Party Witnesses ........................... 7

                (3)    The Number Of Putative Class Members In California Does Not Weigh Against Transfer To Ohio ............................ 8

        3.    The Southern District Of Ohio Will Provide Easier Access To The Evidence ........................................................................................................ 10

        4.    California Wage-And-Hour Law Is Neither Too Novel Nor Too Complex For A Transferee Court To Apply ..................................................... 11

        5.    The Respective Docket Conditions Of This District And The Southern District Of Ohio Favor Transfer ............................................................. 11

        6.    The Northern District Of California Has No Greater Interest In This Controversy Than The Southern District Of Ohio ............................................ 12

III. CONCLUSION ........................................................................................................................ 13

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312 372 5520

REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER     i.

# TABLE OF AUTHORITIES

PAGE

### CASES

*Evancho v. Sanofi-Aventis U.S., Inc.*,
   WL 1302985 (N.D. Cal. May 3, 2007) .................................................................... 2, 4, 5

*Gintz v. Jack In The Box*,
   2007 WL 397306 (N.D. Cal. Feb. 1, 2007) ...................................................................... 3

*In re Funeral Consumers Antitrust Litigation*,
   WL 2334362 (N.D. Cal. Sept. 23, 2005) ...................................................................... 4, 5

*Italian Colors Restaurant v. American Express Co.*,
   WL 22682482 (N.D. Cal. Nov. 10, 2003) .................................................................. 3, 10

*Koster v. Lumbermens Mut. Cas. Co.*,
   330 U.S. 518 (1947) ........................................................................................................... 2

*Lynch v. United Automobile Services Ass'n, Inc.*,
   1:07-cv-562-CM-KNF [Doc. # 79]
   (S.D. N.Y. Nov. 8, 2007) ................................................................................................ 11

*New Image, Inc. v. Travelers Indem. Co.*,
   536 F. Supp. 58 (E.D. Pa. 1981) ....................................................................................... 2

*Pfohl v. Farmers Ins. Group*,
   2004 WL 554834 (C.D. Cal. Mar. 1, 2004) ..................................................................... 8

*Ruiz v. Affinity Logistics Corp.*,
   WL 5490240 (N.D. Cal. Nov. 7, 2005) .................................................................... 4, 5, 9

*Salinas v. O'Reilly Automotive, Inc.*,
   358 F. Supp. 2d 569 (N.D. Tex. 2005) .............................................................................. 3

*Stewart Org. v. Ricoh Corp.*,
   487 U.S. 22,
   108 S.Ct. 2239 (1988) ........................................................................................................ 1

*Wainwright v. Kraftco Corp.*,
   54 F.R.D. 532 (N.D. Ga. 1972) ..................................................................................... 4, 8

*Wiley v. Trendwest Resorts, Inc.*,
   WL 1910934 (N.D. Cal. Aug. 10, 2005) ........................................................................... 4

*Wolfinbarger v.* Garner,
   55 F.R.D. 129 (W.D. Ky. 1971) .................................................................................... 4, 7

### STATUTES

28 U.S.C. § 1404(a) ............................................................................................... 1, 2, 3, 13

### OTHER AUTHORITIES

Fair Labor Standards Act ............................................................................................ passim

Firmwide:83655346.2 050511.1019

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

REPLY BRIEF IN SUPPORT OF MOTION
TO TRANSFER                                       ii.

## I. INTRODUCTION

Defendant Nationwide Mutual Insurance Company ("Nationwide") filed the instant Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) asking the Court to transfer this national wage-and-hour case to the Southern District of Ohio. In its Motion, Nationwide demonstrated that all relevant factors favor transfer for the convenience of the parties and witnesses and in the interest of justice. It specifically argued that transfer is appropriate because: (1) Plaintiffs' choice of forum is entitled to little weight in a purported collective action; (2) Nationwide maintains its corporate offices within the Southern District of Ohio, and the bulk of key witnesses and documentary evidence are located there; (3) the vast majority of putative class members reside in the Eastern half of the United States, closer to Ohio than California; (4) the Southern District of Ohio is fully capable of applying California wage-and-hour laws; (5) the docket conditions of the respective courts favor transfer; and (6) this Court has no greater local interest in the controversy than the Southern District of Ohio.

In their Opposition Brief, Plaintiffs come out swinging, but their arguments misstate the law, have been rejected by this District, actually support Nationwide's position, or are simply nonsensical. As set forth fully below, Plaintiffs' Opposition Brief fails to successfully rebut any of Nationwide's arguments in support of its Motion to Transfer Venue, and all relevant factors strongly favor transferring this case to the Southern District of Ohio.

## II. ARGUMENT

### A. Plaintiffs Do Not Contest That Nationwide Satisfies The First Prong Of A Motion To Transfer Because This Action Could Have Been Filed In The Southern District Of Ohio.

A district court may, at its discretion, transfer a case pursuant to Section 1404(a) to any jurisdiction where the case could have been brought if transfer will serve the convenience of the parties and witnesses and the interest of justice. *See Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244 (1988); 28 U.S.C. § 1404(a). Plaintiffs do not contest, nor could they, that Nationwide satisfies the first prong of Section 1440(a) because this action could have been brought in the Southern District of Ohio, where both proper venue and personal jurisdiction exist. (Opp. Brief 3:16-26).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER    1.    U.S.D.C. CASE NO. C3:07-CV-4928 SI

**B. Plaintiffs Cannot Refute That This Action Should Be Transferred Based On The Convenience Of The Parties And Witnesses And The Interests of Justice.**

**1. Plaintiffs Have Not Established That Their Choice Of Forum Is Entitled To "Considerable Weight" Or That It Precludes Transfer.**

In its Opening Brief, Nationwide established that a plaintiff's choice of forum in a Section 1404(a) transfer is generally given less weight in a class or collective action. (Opening Brief 8:13-9:13). *See Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) (in a collective action, "the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened"). Indeed, whatever weight that is given to a plaintiff's choice of forum is "substantially attenuated" where the plaintiff has commenced an action in a forum that is not his residence. *See, e.g., New Image, Inc. v. Travelers Indem. Co.*, 536 F. Supp. 58, 59 (E.D. Pa. 1981). Plaintiffs acknowledge this, but they contend that because one of the two named Plaintiffs resides in and works for Nationwide in California, and because there are thirty-six putative California class members in this case, Plaintiff's choice of forum is entitled to "considerable weight." (Opp. Brief 4:15-5:15).

Plaintiffs are incorrect. For instance, in *Evancho v. Sanofi-Aventis U.S., Inc.*, 2007 WL 1302985 (N.D. Cal. May 3, 2007) (Illston, J.), which Plaintiffs curiously attempt to both distinguish *and* rely upon in their Opposition Brief (*see, e.g.,* Opp. Brief 1-3, 5, 9), this Court concluded that only "some" weight is accorded to a class plaintiff's choice of forum, even when the plaintiff resides in and worked for defendant within that district. *Id.* At *2. In *Evancho*, this level of consideration was ultimately insufficient to defeat the defendant's transfer motion. While giving "some" consideration to the plaintiff's choice of forum, the district court nevertheless transferred venue of plaintiffs' FLSA collective action to the District of New Jersey because: (1) the defendant's principal place of business was in that district; (2) many key witnesses and documents were located there; (3) the policies and practices of defendant on which the action was based originated there; and (4) because more putative class members worked on the east coast than the west coast. *Id.* at *2-4. Notably, these *same* factors exist here and compel transfer of this case to the Southern District of Ohio. (*See* Opening Brief 9-12, 15).

Plaintiffs thus misstate the level of deference that courts within the Ninth Circuit grant to a plaintiff's choice of forum in a nationwide class or collective action when a named plaintiff resides in his chosen forum and when some events giving rise to the complaint took place there. Where, as here, a plaintiff alleges that all potential plaintiffs in a nationwide action have been damaged in the same fashion by the same conduct, "interchangeable plaintiffs" can be found in any of the districts where Nationwide has Special Investigators. *Italian Colors Restaurant v. American Express Co.*, 2003 WL 22682482, *4 (N.D. Cal. Nov. 10, 2003) (Illston, J.) (granting motion to transfer venue). The fact that one of the two Plaintiffs has contact with this forum thus "is no more forceful than the link between the thousands of other potential class members and their respective districts." *Id.*

Although Plaintiffs contend that the "operative facts" in this case occurred in California (Opp. Brief 5:2), they do not identify what these "operative facts" are, nor how such "operative facts" are any different from any other district in which Nationwide employs Special Investigators. Even in cases like this one that purportedly involve a separate "California class," the Plaintiffs' choice of forum is entitled to "only minimal consideration" when none of the claims of the non-California class arose in this District. *Gintz v. Jack In The Box*, 2007 WL 397306 (N.D. Cal. Feb. 1, 2007). As such, regardless of the fact that courts within the Ninth Circuit do not completely disregard a plaintiff's choice of forum in a class or collection action when a named plaintiff resides in and was allegedly harmed in his chosen forum, the limited consideration given to such a plaintiff's choice cannot defeat a transfer motion, particularly when one of the named Plaintiffs is not even a resident of this District.

Plaintiffs also attempt to defeat Nationwide's transfer motion by claiming that FLSA actions are somehow shielded from transfer because of an alleged Congressional intent to "give plaintiffs considerable control over where to bring an FLSA action." (Opp. Brief 5:4-7, citing *Salinas v. O'Reilly Automotive, Inc.*, 358 F. Supp. 2d 569, 571 (N.D. Tex. 2005)). Plaintiffs fail to cite *any* Circuit, let alone the Ninth Circuit, subscribing to such a proposition, or to any district court within the Ninth Circuit following *Salinas*. Indeed, when courts within this District have granted Section 1404(a) motions to transfer FLSA collective actions, no reference has been made to this

LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.6520

REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER    3.    U.S.D.C. CASE NO. C3:07-CV-4928 SI

alleged Congressional intent. *See, e.g., Evancho*, 2007 WL 1302985; *Wiley v. Trendwest Resorts, Inc.*, 2005 WL 1910934 (N.D. Cal. Aug. 10, 2005); *Ruiz v. Affinity Logistics Corp.*, 2005 WL 5490240 (N.D. Cal. Nov. 7, 2005).

### 2. Plaintiffs Cannot Refute That Transferring This Action To Ohio Will Serve The Convenience Of The Parties And Witnesses.

#### a. Ohio Is A More Convenient Forum For Nationwide And Its Witnesses, And Plaintiffs Cite Nothing To the Contrary.

Plaintiffs do not contest that the convenience of parties and witnesses is an important factor in any motion to transfer. *See Evancho*, 2007 WL 1302985 at *1. In this regard, Nationwide demonstrated that the Southern District of Ohio would be far more convenient for both itself and its key witnesses because Nationwide's corporate headquarters, along with its key witnesses, are all located in Columbus. (*See* Opening Brief 9:19-10:23). Plaintiffs cite nothing to the contrary.

Instead, Plaintiffs argue that transfer is not warranted because Nationwide did not identify any "third-party" witnesses that would be inconvenienced if this case remains in this District. (Opp. Brief 5:23-7:10). Plaintiff is wrong for three reasons. First, while the convenience of third-party witnesses is an important factor, this does not mean, as Plaintiffs suggest, that the convenience of a party's employees is irrelevant. *See In re Funeral Consumers Antitrust Litigation*, 2005 WL 2334362 at *4 (N.D. Cal. Sept. 23, 2005) (considering the convenience of all willing witnesses, even those employed by the defendant); *Evancho*, 2007 WL 1302985 at *3 (granting motion to transfer venue to the District of New Jersey, in part, because many of the defendant's employee witnesses worked there in the defendant's corporate headquarters). To the contrary, employees who are members of the putative class *are* "third party" witnesses for purposes of discovery. *See* Conte and Newberg, *Newberg on Class Actions* (4th Ed. 2002) § 16.3. *See also Wolfinbarger v. Garner*, 55 F.R.D. 129, 132 (W.D. Ky. 1971) ("members of the class" should not "be treated as if they were parties plaintiff"); *Wainwright v. Kraftco Corp.*, 54 F.R.D. 532, 534 (N.D. Ga. 1972) (class members not parties for purposes of discovery).

Second, Plaintiffs' argument regarding the relative weight given to the convenience of employee witnesses versus third-party witnesses is a red-herring because Plaintiffs have not identified any specific third-party witnesses who would be inconvenienced if this case were

REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER   4.   U.S.D.C. CASE NO. C3:07-CV-4928 SI

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312 372 5520

transferred to the Southern District of Ohio. Plaintiffs' vague argument simply cannot outweigh the convenience of key employee witnesses whom Nationwide identified as working at or near its corporate headquarters in Ohio. *See Ruiz*, 2005 WL 5490240 at *3 (transferring venue, in part, because the defendant supported its transfer motion with evidence regarding specific witnesses who would be inconvenienced, while the plaintiff merely provided unsupported arguments about where witnesses were allegedly located).

Third, Plaintiffs try to minimize the inconvenience to Nationwide's employee witnesses that would result if this case remains this District by suggesting that Nationwide can simply present this witness testimony via "videotaped trial deposition." (Opp. Brief 7:1-2). This District has flatly rejected this as an alternative to transferring a case for the convenience of the witnesses:

> [A]ny jury would prefer to see and hear important witnesses in person. In this way, the jury can better assess demeanor and credibility. And, live testimony is easier to follow and comprehend than deposition read-ins or video clips. The difficulty is exacerbated by the fact that depositions are often taken before certain fact issues gather importance. They may, therefore, not fully address points decisive to the jury. Live testimony, therefore, always is to be preferred over deposition testimony. . . . For this reason, the order rejects the argument by plaintiffs that defendants could save money by presenting their defense at trial via deposition.

*In re Funeral Consumers Antitrust Litigation*, 2005 WL 2334362 at *5 and n. 5.

The Southern District of Ohio would be more convenient for Nationwide, its employees and its witnesses. Plaintiffs offer nothing to refute this. The action should be transferred.

   **b.**  **It Is Irrefutable That Ohio Would Be A More Convenient Venue For Plaintiffs, Their Witnesses And Putative Class Members.**

In addition to the Southern District of Ohio being more convenient for Nationwide and its witness, it is also more convenient for Plaintiffs and the putative class members. In this regard, approximately seventy-six percent of the putative class members worked in the Eastern half of the country. (*See* Opening Brief 10:24-11:18). *See also Evancho*, 2007 WL 1302985 at *3 (transferring venue of a wage-and-hour case to the Eastern District of New Jersey, in part, because "a greater number of putative class members lives and works on the east coast rather than on the west coast"). Plaintiffs make three arguments why it would not be more convenient for putative

class members to litigate this action in the Southern District of Ohio. None of the arguments withstands scrutiny.

> **(1)    The Analysis Of Plaintiffs' Convenience Is Not Materially Affected If The Court Looks At The Number of Special Investigators That Nationwide Employed Over The Past Two Or Three Years.**

In its Opening Brief, Nationwide demonstrated that this District will be inconvenient for most of the putative class members because 76% of Nationwide's Special Investigators are located in the Eastern half of the United States. (Opening Brief 11:2-4). In describing the number of potential plaintiffs, Nationwide listed the number of Special Investigators that it employed throughout the country over the past four years. (*Id.* at 3). This was not, as Plaintiffs suggest, a concession that the limitations period for Plaintiffs' FLSA claims would exceed two years, nor was it an attempt to skew the data to inflate the number of putative class members in the Eastern half of the United States. Rather, Nationwide merely generated one list of Special Investigators using the longest limitations period available in this case, namely, the four-year limitations period that applies to the California wage-and-hour claims.

Plaintiffs attempt to adjust these numbers to reflect the number of Special Investigators that Nationwide employed throughout the country during the two-year limitations period for regular FLSA violations and during the three-year limitations period that applies to willful FLSA violations. In doing so, they engage in a far worse kind of "fuzzy math" than they even accuse Nationwide of employing. To adjust for the various potential limitations periods, Plaintiffs erroneously assume that the number of non-California putative class members listed in Nationwide's motion should be reduced by one-half if a two-year limitations period applies and by one-third[1] if the three-year limitations period applies. This would work only if Special Investigators worked for one year each. This is clearly not the case.

In reality, in the two years preceding the filing of the Complaint, Nationwide employed 306 Special Investigators throughout the country in the following numbers: Alabama (6), Arkansas (4), Arizona (8), California (31), Colorado (3), Connecticut (6), Delaware (4), Florida (26),

---

[1] In any event, the one-third reduction makes no sense. If Plaintiffs are attempting to calculate three years' worth of employees from four years' worth of data, they would reduce by one-fourth, not one-third.

REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER    6.    U.S.D.C. CASE NO. C3:07-CV-4928 SI

Georgia (6), Iowa (7), Illinois (2), Indiana (5), Kansas (1), Kentucky (3), Maryland (14), Michigan (13), Minnesota (2), Missouri (2), Mississippi (5), North Carolina (16), Nebraska (3), New Hampshire (1), New Jersey (1), Nevada (4), New York (23), Ohio (19), Oregon (4), Pennsylvania (25), Rhode Island (3), South Carolina (6), Tennessee (9), Texas (14), Utah (2), Virginia (18), Vermont (1), Washington (3), Wisconsin (1) and West Virginia (5).  (Wiencek Supp. Decl. ¶ 9). In the three years preceding the filing of the Complaint, Nationwide employed 321 Special Investigators throughout the country in the following numbers: Alabama (7), Arkansas (4), Arizona (8), California (31), Colorado (3), Connecticut (6), Delaware (4), Florida (29), Georgia (6), Iowa (8), Illinois (2), Indiana (5), Kansas (1), Kentucky (3), Maryland (15), Michigan (13), Minnesota (2), Missouri (2), Mississippi (5), North Carolina (19), Nebraska (3), New Hampshire (1), New Jersey (1), Nevada (4), New York (25), Ohio (19), Oregon (4), Pennsylvania (26), Rhode Island (3), South Carolina (7), Tennessee (9), Texas (15), Utah (2), Virginia (18), Vermont (1), Washington (4), Wisconsin (1) and West Virginia (5). (*Id.* ¶ 10). Still, this shows that from two years prior to the filing of the Complaint to present, 74.8% (in contrast to 76% for the four-year period) of the putative FLSA class resided in the Eastern half of the United States, and from three years prior to the filing of the Complaint to present 75.3% of the putative FLSA class resided in the Eastern half of the United States. (*Id.* ¶¶ 9-10). Plaintiffs' attack on Nationwide's data notwithstanding, it remains that the Southern District of Ohio is a closer and more convenient forum for the vast majority of the putative class members.

          **(2)   The Southern District Of Ohio Would Be More Convenient For Any Third-Party Witnesses.**

Not only did Plaintiffs fail to identify any specific third-party witnesses who would be inconvenienced if this case were transferred to the Southern District of Ohio, their argument about witness convenience actually *supports* Nationwide's transfer motion. Plaintiffs do not refute – because they cannot – that most putative class members reside outside of California and in fact are concentrated in the Eastern United States. (Opening Brief 11:2-4. 11:13-18). As noted above, even class members, let alone putative class members, are considered to be "third parties" for purposes of discovery. *See Newberg on Class Actions* § 16.3; *Wolfinbarger*, 55 F.R.D. at 132; *Wainwright*, 54

F.R.D. at 534.  Indeed, by noting that testimony pertinent to this case will come from "Special Investigators, their co-workers, and their direct managers – all of whom live and work *across the country*" (Opp. Brief 2:1-2), Plaintiffs necessarily recognize that key witnesses, *i.e.*, "third parties," reside outside California.  Because these witnesses are likely to represent the putative class members' states of residence proportionately, Ohio will be a closer and more convenient forum for most of these witnesses.

Plaintiffs also contend that the "reality" of nationwide collective actions is that many putative class members do not testify.  Plaintiffs' "reality" ignores Nationwide's defense that these employees were properly classified as exempt.  In misclassification cases such as this, the applicability of the administrative exemption generally turns on a fact-specific, individualized inquiry into *each* Plaintiff's actual day-to-day duties.  *See, e.g., Pfohl v. Farmers Ins. Group*, 2004 WL 554834 at *9-10 (C.D. Cal. Mar. 1, 2004) ("individualized inquiry to determine whether these varying duties meet the administrative exemption").  Even Plaintiffs recognize that the "critical facts in this misclassification overtime case – job duties and hours worked – will likely be decided with testimony and documents provided by the Special Investigators, their co-workers, and their direct managers." (Opp. Brief 1:26-28, 2:1-2).  Accordingly, there is no basis for Plaintiff's assertion that only select class members' testimony will be sought in this case.

### (3) The Number Of Putative Class Members In California Does Not Weigh Against Transfer To Ohio.

Plaintiffs erroneously contend that this District is a more appropriate venue than the Southern District of Ohio because there are more putative class members in California than any other state.  This argument is fatally flawed for three reasons.

First, Plaintiffs base their argument on the erroneous premise that "California Special Investigators [are] not only the largest state putative class in the country, but currently the only putative class." (Opp. Brief 1, 7 [emphasis in original]).  Plaintiffs apparently believe that a putative class can exist only when plaintiffs are part of an opt-out Rule 23(b)(3) class, yet cite no authority for such a novel proposition.  Nor could they.  Based on their Complaint, Plaintiffs seek to represent all Special Investigators across the country who have worked for Nationwide during the past three

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312 372 6520

REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER

8.

U.S.D.C. CASE NO. C3:07-CV-4928 SI

years as the "Collective Class (FLSA)" (Complaint ¶ 2) and all Special Investigators who have worked for Nationwide in California within the past four years as the "Class (Rule 23)" (Complaint ¶ 3). Because neither a Section 216(b) class nor a Rule 23 class has been certified, both of these potential classes are "putative classes," and all Special Investigators who worked for Nationwide during the applicable limitations period are "putative class members."

The second flaw with Plaintiffs' argument is their attempt to show that California is a more convenient forum for the Plaintiffs by comparing the number of putative class members in California to the number of putative class members from other particular states, such as Ohio. This argument misses the point. Plaintiffs have brought a *nationwide* collective action. Putative class members are scattered throughout the country, and the vast majority of them are concentrated in the Eastern half of the United States, however that region is defined. (Opening Brief 2:23-7:8). *See Ruiz*, 2005 WL 5490240 at *2 ("Further, Plaintiff has failed to allege or present evidence demonstrating that the majority of the potential class members within California reside in this district. Failure to so demonstrate weighs in favor of transfer."). Thus, most of the putative class members are closer to Ohio than to California. It is irrelevant that, at this point, more putative class members have opted-in from the Western States. As Plaintiffs point out, this activity is based only on "Plaintiffs' informal efforts and word of mouth." (Opening Brief 3:4-6). Plaintiffs have provided no basis to assume that if the Court were to conditionally certify the collective action and facilitate notice, the opt-in plaintiffs would not proportionately reflect the number of Special Investigators that Nationwide employs throughout the country.

A third flaw with Plaintiffs' argument is their claim that "the operative facts have occurred in the Northern District of California." (Opp. Brief 5:2-7). The "operative facts," whatever those are, did not occur only in Plaintiff Foster's home district. Rather, as Plaintiffs noted, the "crux of this case will be the Plaintiffs' job duties and hours worked," and relevant witnesses will be from both Nationwide's corporate headquarters and "witnesses located across the country." (*Id.* at 4:25-27, 7:7-8). Again, because the majority of Nationwide Special Investigators reside and work in the Eastern half of the United States, the "eye witnesses to the critical facts" (*Id.* at 7:8) will also be concentrated there.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER   9.   U.S.D.C. CASE NO. C3:07-CV-4928 SI

Neither the modicum of deference afforded to a class plaintiff's choice of his home forum, nor the number of putative class members who reside in or near this District weigh against transfer. Accordingly, the Court should grant Nationwide's motion and transfer this action to the Southern District of Ohio.

### 3. The Southern District Of Ohio Will Provide Easier Access To The Evidence.

In support of their motion to transfer venue, Nationwide demonstrated that transfer is appropriate because its key witnesses and documents are located in the Southern District of Ohio, where Nationwide maintains its principal place of business. Plaintiffs discount this factor, arguing that relevant witnesses are "scattered across the country" and that relevant documentary evidence is "presumably stored in electronic format." (Opp. Brief 8:14-25). These arguments are misplaced.

Once again, by noting that relevant witnesses are "scattered across the country" Plaintiffs actually demonstrate that the Southern District of Ohio is the more convenient forum. These witnesses, whom Plaintiffs believe will consist of Special Investigators' co-workers and immediate supervisors, will be concentrated in the Eastern half of the United States just as are the Special Investigators. Because the Southern District of Ohio will be a closer and more convenient forum for a vast majority of these witnesses, the ease of access to witnesses certainly favors transfer to that district.

With regard to the documentary evidence, this Court has previously recognized that "[d]ocuments pertaining to defendants' business practices are most likely found at their principal place of business." *Italian Colors Restaurant*, 2003 WL 22682482 at *5 (Illston, J.). Furthermore, "[a]lthough developments in electronic conveyance have reduced the cost of document transfer somewhat, the cost of litigation will be substantially lessened if the action is venued in the same district where most of the documentary evidence is found." *Id.* at *5, 6. Thus, the potential that relevant documents in this case might be stored electronically does not change the fact that the ease of access to sources of proof favors transfer to the Southern District of Ohio.

The bulk of the relevant sources of proof can be more easily accessed in the Southern District of Ohio than in this District. This is yet another factor that supports granting Nationwide's

LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER     10.     U.S.D.C. CASE NO. C3:07-CV-4928 SI

motion to transfer this case.

### 4. California Wage-And-Hour Law Is Neither Too Novel Nor Too Complex For A Transferee Court To Apply.

Plaintiffs contend that this case should not be transferred because it involves wage-and-hour claims under California law, with which this Court is more familiar than is the Southern District of Ohio. To illustrate their claim that California wage-and-hour law is too novel and complex for a non-California court to decipher, Plaintiffs cite to a brief that defense counsel submitted in a different case, in which it opposed the plaintiffs' motion to add California wage-and-hour claims to an FLSA collective action pending before the Southern District of New York. (Opp. Brief 9:3-9, citing *Lynch v. United Automobile Services Ass'n, Inc.* (S.D. N.Y. Nov. 8, 2007). What Plaintiffs fail to disclose is that the *Lynch* court *rejected* these arguments and concluded that it would *not* be unduly difficult for a non-California court to apply California wage-and-hour law. (Request for Judicial Notice, Exhibit A).

In any event, Plaintiffs have not identified what aspect of California wage-and-hour law would be difficult for another federal court to apply. As Nationwide explained in its Opening Brief, the California claims in Plaintiffs' Complaint are completely derivative of their FLSA claims. Thus, if it is determined that Special Investigators are non-exempt under the FLSA, they will likewise be non-exempt under California law, and this Court would need only address the additional remedies and penalties that exist under California law with respect to overtime, meal and rest breaks, wage statements, and waiting time. Accordingly, the fact that Plaintiffs' case includes California wage-and-hour claims is not a factor with respect to transferring this case.

### 5. The Respective Docket Conditions Of This District And The Southern District Of Ohio Favor Transfer.

In its Opening Brief, Nationwide argued that the Court should transfer this case in the interest of justice because the Southern District of Ohio has a less crowded docket with fewer cases pending per judgeship. In response, Plaintiffs assert that the Northern District of California is the less congested court because the average time between the filing a civil case and its disposition is five months shorter in this District than in the Southern District of Ohio.

LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312 372 5520

REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER    11.    U.S.D.C. CASE NO. C3:07-CV-4928 SI

Plaintiffs' limited use of the statistics is misleading. These statistics upon which they rely also show that time from filing to trial takes only two months longer in the Southern District of Ohio than in this District, despite the fact that judges in the Southern District of Ohio try more than *twice* as many cases as judges in this District. (*See* Morgan Decl., Exhibits C and D). More importantly, comparing the two districts, this District has twice as many pending cases that are more than three years old. (*Id.*). It is therefore reasonable to conclude that major cases that last more than three years – such as class actions – could take longer to get to trial in this District because judges in this District have twice as many cases as judges in the Southern District of Ohio. At the same time, judges in this District are trying less than half as many cases as judges in Southern District of Ohio. The relative docket conditions do, in fact, demonstrate that the interest of justice favors transferring this case to the Southern District of Ohio.

### 6. The Northern District Of California Has No Greater Interest In This Controversy Than The Southern District Of Ohio.

As noted above, the majority of Nationwide Special Investigators resides and works in the Eastern half of the United States. The fact that one of the two named Plaintiffs resides in California cannot vest California with a *greater* local interest in this controversy than the Southern District of Ohio, where Nationwide maintains its corporate headquarters and from where corporate policies emanate. Consequently, the fact that one of the named Plaintiffs lives in California is insufficient to count as a reason not to transfer this action to the Southern District of Ohio.

Plaintiffs attempt to manufacture a better connection between California and this controversy by noting that Nationwide's "affiliate," Allied Insurance, maintains three "regional" offices in California and that Plaintiff Wamock worked through Allied Insurance for part of his employment with Nationwide. (Opp. Brief 1:19-22, 2:18-22). Although it is unclear exactly what point Plaintiffs are attempting to make by identifying Allied regional offices, they have misidentified them. As demonstrated by Exhibit A to Matthew Morgan's declaration, two of these alleged "regional" offices (specifically, those in Camarillo, California and La Mesa, California) are just service offices. Whatever the purported significance of noting Allied's regional offices, Plaintiffs are wrong.

LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER    12.    U.S.D.C. CASE NO. C3:07-CV-4928 SI

Allied Insurance is a wholly-owned subsidiary of Nationwide, and employees who work through Allied Insurance offices are Nationwide employees. (Wiencek Supp. Decl. ¶¶ 3,5). Nationwide has fifteen regional offices, including Allied regional offices, and these regional offices are concentrated in the Eastern half of the United States. (*Id.* ¶ 6). Special Investigators support their local regional offices, but they report to the Property and Casualty Technical Claims Office, which is located at Nationwide's corporate headquarters in Columbus, Ohio. (*Id.* ¶ 8). Plaintiffs' vague – and incorrect – statements regarding Allied regional offices and Plaintiff Warnock's work through an Allied office do not even begin to demonstrate that the Northern District of California has a greater local interest in this controversy than the Southern District of Ohio.

### III. CONCLUSION

None of Plaintiffs' arguments establish that the balance of relevant factors in a Section 1404(a) analysis weigh against transfer. Rather, the balance clearly favors transfer of this case to the Southern District of Ohio, Eastern Division, where Nationwide is headquartered, where the bulk of documentary evidence is located, where numerous key witnesses reside, where it is most convenient for the parties (including the majority of putative class members), and where the court has a lighter case load. Accordingly, Nationwide requests the Court to grant its Motion and transfer this action to the Southern District of Ohio, Eastern Division.

Dated: November 21, 2007                    Respectfully submitted,

                                            /s/ Richard H. Rahm
                                            RICHARD H. RAHM
                                            JAMES J. OH
                                            ANDREW J. VOSS
                                            LITTLER MENDELSON
                                            A Professional Corporation
                                            Attorneys for Defendant
                                            NATIONWIDE MUTUAL INSURANCE
                                            COMPANY

LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER    13.    U.S.D.C. CASE NO. C3:07-CV-4928 SI