1  RICHARD H. RAHM, State Bar No. 130728
   LITTLER MENDELSON
2  A Professional Corporation
   650 California Street
3  20th Floor
   San Francisco, CA 94108.2693
4  Telephone:   415.433.1940
   Facsimile:   415.399.8490
5
   JAMES J. OH, IL State Bar No. 6196413
6  (*pro hac vice* forthcoming)
   LITTLER MENDELSON
7  A Professional Corporation
   200 N. LaSalle Street
8  Suite 2900
   Chicago, Illinois 60601
9  Tel: 312.372.5520
   Fax: 312.372.7880
10
   ANDREW J. VOSS, MN State Bar No. 0241556
11 LITTLER MENDELSON
   A Professional Corporation
12 80 South 8th Street
   1300 IDS Center
13 Minneapolis, Minnesota 55402.2136
   Tel: 612.630.1000
14 Fax: 612.630.9626

15 Attorneys for Defendant
   NATIONWIDE MUTUAL INSURANCE
16 COMPANY

17

18              UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA

20 FRANK FOSTER, PHILLIP WAMOCK,          Case No. C3:07-CV-4928
   individually and on behalf of all others
21 similarly situated, and on behalf of the   **REQUEST FOR JUDICIAL NOTICE IN**
   general public,                            **SUPPORT OF NATIONWIDE'S MOTION**
22                                            **TO TRANSFER VENUE**
                  Plaintiff,
23                                            Date:  December 7, 2007
       v.                                     Time:  11:00 a.m.
24                                            Court: 10
   NATIONWIDE MUTUAL INSURANCE
25 COMPANY,                                   Before the Honorable Susan Illston

26                Defendant.

27

28

REQUEST FOR JUDICIAL NOTICE                    U.S.D.C. CASE NO. C3:07-CV-4928 SI

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201(d), Defendant Nationwide Mutual Insurance Company ("Nationwide") requests the Court to take judicial notice of the Memorandum and Order in the case entitled, *William Lynch v. United States Automobile Association*, Case No. 07 Civ. 562 (CM)(KNF) (S.D. N.Y., November 8, 2007), Document No. 91, attached hereto as Exhibit A.

Dated: November 21, 2007

Respectfully submitted,

      /s/ Richard H. Rahm
RICHARD H. RAHM
JAMES J. OH
ANDREW J. VOSS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

Firmwide:83674380.1 050511.1019

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

REQUEST FOR JUDICIAL NOTICE    2.    U.S.D.C. CASE NO. C3:07-CV-4928 SI

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
WILLIAM LYNCH, individually and on
behalf of other similarly situated employees, :

                 Plaintiffs,   :     **MEMORANDUM AND ORDER**

       -against-          :     07 Civ. 562 (CM)(KNF)

UNITED STATES AUTOMOBILE   :
ASSOCIATION,
                               :

                Defendant. :
------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## I. BACKGROUND

Plaintiff William Lynch ("Lynch") brings this action for unpaid overtime wages, on behalf of himself and other similarly situated employees of defendant United States Automobile Association ("USAA"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as amended by the Portal-to-Portal Act, 29 U.S.C. §§ 251-262, and on his own behalf, alleging violations of New York Labor Law §§ 650-665, as amended. Before the Court is the plaintiff's motion for leave to amend the complaint, pursuant to Fed. R. Civ. P. 15(a). The defendant opposes the motion.

Lynch asserted in his complaint that he worked in New York, as a special investigator for USAA, a reciprocal interinsurance exchange doing business in numerous states. Lynch held that position for at least three years prior to the date on which he commenced this action, January 24,

1

2007. According to Lynch, he and similarly situated employees worked for USAA in excess of forty hours per week routinely, without receiving overtime compensation. He alleges that USAA failed to report, preserve or record accurately the number of hours worked by him and the similarly situated employees. Lynch maintains USAA had a policy and practice of failing and refusing to compensate its employees properly for overtime hours worked.

On April 25, 2007, the assigned district judge denied USAA's motion to dismiss the complaint or alternatively for sanctions, pursuant to 28 U.S.C. § 1927, and granted Lynch's motion for conditional class certification and court-authorized notice, pursuant to 29 U.S.C. § 216(b). Additionally, the assigned district judge granted Lynch's motion for an order directing USAA to furnish a list of its special investigators to Lynch in order to allow him to provide them with notice of the instant action.

On August 15, 2007, Lynch filed the instant motion for leave to amend the complaint to include in the case caption the similarly situated employees who have opted-in to the instant collective action and to add California state-law claims under: (1) California Industrial Welfare Commission ("IWC") Wage Order 4-2001, promulgated in California Administrative Code, tit.8, § 11040; (2) California Labor Code ("CLC") §§ 510, 1194, 201, 202, 203, 226, 1174, 1174.5; and (3) California Business and Professions Code ("CBPC") § 17200 et seq., on behalf of nine plaintiffs who worked for USAA in California, during the relevant time period.

## II. DISCUSSION

Leave to amend a complaint should be freely given by a court when justice so requires. See Fed. R. Civ. P. 15(a). "[U]ndue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

2

to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment" are reasons upon which a court may rely in determining to deny a request to amend a complaint. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

Lynch contends leave to amend his complaint should be granted because the California state-law claims provide to certain plaintiffs relief, to which they are entitled, in addition to that which is allowed under FLSA. He maintains the court has supplemental jurisdiction over the California-based wage and hour claims because those claims and the plaintiff's federal claims derive from a common nucleus of operative facts. Furthermore, he contends, USAA will not be prejudiced in defending the action if the California state-law claims are added on behalf of the California plaintiffs because most of the plaintiffs' depositions are scheduled for the fall and the first set of written discovery responses was exchanged recently.

USAA contends Lynch's motion should be denied as futile because the court should not exercise supplemental jurisdiction over the proposed California state-law claims. USAA concedes that the California state-law claims form part of the same case or controversy as the FLSA claims, but contends the California state-law claims: (1) are likely to predominate over the FLSA claims; (2) raise novel and complex issues of state law; and (3) present the potential for jury confusion.

*Supplemental Jurisdiction*

In a civil action within the original jurisdiction of a federal district court, the court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within the court's original jurisdiction that they form part of the same case or controversy as contemplated by Article III of the Constitution. See 28 U.S.C. § 1367(a). However, a district

court may decline to exercise supplemental jurisdiction over a claim if, inter alia: (a) the claim raises a novel or complex issue of State law; (b) the claim substantially predominates over the claim(s) over which the district court has original jurisdiction; or (c) in an exceptional circumstance, other compelling reasons exist for declining jurisdiction. See 28 U.S.C. § 1367(c).

*Novel and Complex Issue of State Law*

USAA alleges the proposed California state-law claims "will thrust into this case complicated issues regarding the interpretation of California's various statutes on the issue of proper remedy." More specifically, USAA maintains: (i) California courts have struggled with how to characterize relief under CBPC § 17200, et seq. and the interplay between such relief and other laws; (ii) CLC and IWC Wage Order 4-2001 provisions concerning wage-related record keeping will focus on nuances in California law, not implicated by the plaintiffs' federal claims; and (iii) California state-law claims will focus on the California plaintiffs' proper classification under California law, an analysis distinct from that under FLSA. Lynch maintains the California state-law claims are not novel or complex.

"Where a pendent state claim turns on novel or unresolved questions of state law, especially where those questions concern the state's interest in the administration of its government, principles of federalism and comity may dictate that these questions be left for decision by the state courts." Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998). The courts in this circuit have declined to exercise supplemental jurisdiction where, for example, the allegations raised a complex issue of first impression, see, e.g., Spiegel v. Schulmann, No. 03-CV-5088, 2006 WL 3483922, at *21 (E.D.N.Y. Nov. 30, 2006), or where uncertainty existed about the scope of the statutory mandate respecting the enactment and application of

4

administrative regulations, see, e.g., Bad Frog Brewery, Inc. v. New York State Liquor Authority, 134 F.3d 87, 102 (2d Cir. 1998); see also Morris v. Yale University, No. 05 CV 848, 2006 WL 908155, at *4 n.4 (D. Conn. Apr. 4, 2006)(citing cases involving novel or unsettled theories of recovery or issues of law).

To support its contention that CBPC § 17200, et seq. raises complex issues of state law with which the California courts grapple, the defendant makes citation to Cortez v. Purolator Air Filtration Products Co., 23 Cal. 4th 163, 999 P.2d 706 (Cal. 2000). Contrary to the defendant's contention, that California courts "have struggled with how to characterize relief under CBPC § 17200, et seq.," California's highest court, after discussing issues related to the remedial scope of CBPC § 17200, et seq, established how certain remedies shall be interpreted. See id. at 177-78.

The plaintiffs claim violations of both FLSA and California wage-related record keeping requirements. USAA failed to indicate what nuances of California law, not implicated by the plaintiffs' federal claims, will be the focus of the district court's consideration, with respect to wage-related record keeping, that would warrant the court in declining to exercise supplemental jurisdiction over the California state-law claims, based on the novelty or complexity of the state-law issues. Similarly, the defendant's argument, that California state-law claims will focus on the California plaintiffs' proper classification under California law - - an analysis distinct from that under FLSA - - is unavailing. A distinction in the analyses of the exemption from overtime pay requirements, to wit, qualitative and quantitative, respectively, does not, without more, establish that a claim raises a novel or complex issue of state law. Therefore, where a claim does not raise a novel or complex issue of state law, a district court is not warranted in declining to

exercise supplemental jurisdiction over that claim.

*State-Law Claims Substantially Predominate over FLSA Claims*

USAA contends the California state-law claims predominate over the plaintiffs' FLSA claims because: (i) CLC § 510 and IWC Wage Order 4-2001 provide for overtime based on the number of hours worked daily, which is not relevant to a FLSA unpaid overtime claim, which is based on the number of hours worked weekly; (ii) IWC Wage Order 4-2001 provides for penalties based on each pay period during which an employee was underpaid, which will require a detailed analysis of issues unrelated to the proof needed to establish the federal claims; (iii) CLC §§ 201-203, 226(a), 226(b) and §1174(d) will require an analysis of the individualized circumstances surrounding the timing of each California plaintiff's separation from employment; and (iv) the plaintiffs assert state-law claims which may not trigger liability under FLSA.

Lynch maintains the state-law claims replicate the FLSA claims in many ways. He contends: (a) CBC §§ 510, 1194, IWC Wage Order 4-2001 relate to an unpaid overtime claim, which is the key component of the FLSA claims; (b) CLC §§ 201 and 202 relate to the defendant's failure to pay overtime in a timely manner, and new facts are not needed to establish the basis for the claims under these provisions; (c) CBPC § 17200 et seq. incorporate other California state-law claims and may provide additional remedies, unavailable to the plaintiffs under federal law.

Although no test exists for establishing when state-law claims "substantially predominate" over federal claims, the Supreme Court has identified certain factors to consider when making that determination: the proof needed to establish the state-law issues; the scope of the state-law issues raised; or the comprehensiveness of the remedy sought. See United Mine

6

Workers of America v. Gibbs, 383 U.S. 715, 726-27, 86 S. Ct. 1130, 1139 (1966); see also Grace v. Rosenstock, 228 F.3d 40, 55 (2d Cir. 2000).

The defendant's contention, that the California state-law daily overtime provision is irrelevant to the FLSA weekly overtime provision, is without merit. FLSA provides that an employer shall compensate an employee for a workweek longer than forty hours. See 29 U.S.C. § 207(a)(1). Calculating the hours worked weekly will require, by necessity, evidence of the hours worked daily, thus establishing, for any day worked, the number of hours worked, as well as the number of hours worked in excess of those constituting a day's work, pursuant to California state law. Therefore, the number of hours worked daily, under California state law, is directly relevant to the number of hours worked weekly under FLSA.

Similarly, facts required to establish the basis for the alleged violations of California law respecting the: (a) payment of wages immediately upon discharge or layoff, CLC § 201; (b) payment of wages immediately upon resignation, CLC § 202; (c) failure to make a payment within the required time, CLC § 203; and (d) record-keeping duties of an employer, CLC §§ 226, 1174, and 1174.5, will not differ from the facts required to establish the alleged violations of FLSA. Both FLSA and California law impose on an employer record-keeping duties concerning its employees and, inter alia, their hours worked and the wages they were paid. The facts required to establish the basis of an unpaid overtime wage claim under FLSA will not differ from those needed to establish the basis for the plaintiffs' California state-law claims concerning the defendant's untimely payment of wages because if an employer failed to pay overtime wages to its employees, it follows logically that the employer also failed to pay those wages timely, and did not make a payment of wages immediately upon the discharge, layoff or resignation of any

7

employee.

The defendant relies on Chase v. Aimco Properties, L.P., 374 F. Supp. 2d 196 (D.D.C. 2005), for its proposition that it is appropriate to deny supplemental jurisdiction where a discrete group of plaintiffs assert a state-law claim which may not trigger liability under FLSA. However, notwithstanding the fact that the cited case is not binding upon this court, the Chase court declined to exercise supplemental jurisdiction over California and Maryland wage and hours state-law claims because of: (i) a conflict in class certification methodology between FLSA and the relevant state laws; and (ii) the defendant had an adjustable work week policy, which was potentially lawful under FLSA, but operated unlawfully as a matter of state law. See Chase, at 201-02. Similar concerns do not arise in the instant case, because the courts in this circuit do not consider FLSA opt-in and state-law opt-out class certification requirements conflicting, see Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 374-75 (S.D.N.Y. 2007), and the defendant failed to identify any policy that would be lawful under FLSA but unlawful under California law. Therefore, declining to exercise supplemental jurisdiction over the plaintiffs' California state-law claims is not warranted.

*Exceptional Circumstances*

The defendant contends compelling reasons exist for the court to decline to exercise supplemental jurisdiction over the California state-law claims. Although the defendant's arguments about 28 U.S.C. §§ 1367(c)(1) and 1367(c)(4) are conflated and the defendant does not identify clearly what reason it considers compelling or what circumstance exceptional, it appears, from the argument heading in its Memorandum of Law, that the potential for jury confusion is the reason urged upon the Court as sufficiently compelling to militate in favor of the

8

court's declining to exercise supplemental jurisdiction.

"[D]eclining jurisdiction outside the ambit of [28 U.S.C. §] 1367(c)(1)-(3) appears as the exception rather than the rule. Thus, federal courts 'must ensure that the reasons identified as 'compelling' are not deployed in circumstances that threaten this principle.'" Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448 (2d Cir. 1998)(citation omitted). The defendant failed to explain why the instant case represents an exceptional circumstance or why the potential for jury confusion is sufficiently compelling that it warrants the court in declining to exercise supplemental jurisdiction. A conclusory assertion of potential jury confusion, without more, does not amount to a compelling reason for declining to exercise supplemental jurisdiction over the plaintiffs' California state-law claims. Accordingly, the plaintiff's motion for leave to amend the complaint (Docket Entry No. 75) is granted.

Dated: New York, New York  
November 8, 2007

SO ORDERED:

_/s/ Kevin Nathaniel Fox_  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE