# LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

November 29, 2007

Richard H. Rahm
Shareholder
Direct: 415.677.3104
Direct Fax: 415.743.6542
rrahm@littler.com

**BY HAND DELIVERY**

The Honorable Susan Illston
Courtroom 10, 19th Floor
United States District Court
450 Golden Gate Avenue
San Francisco, California 94102

Re: *Foster, et al. v. Nationwide Mut. Ins. Co.*,
Case No. C3:07-CV-4928 SI

Dear Judge Illston:

    By Order dated November 26, 2007, this Court ordered the parties to file supplemental letter briefs in connection with Defendant Nationwide Mutual Insurance Company's ("Nationwide's") Motion to Transfer Venue. In particular, the Court ordered the parties to address the issues of where Plaintiff Frank Foster ("Foster") resides and works and whether venue is proper in this district.

    The short answers are as follows. *First*, according to Nationwide's records, Foster, a current employee, does not reside in this district. *Second*, Nationwide's records also show that Foster spends a minimal amount of time – approximately 6% – working in the Northern District of California. *Finally*, pursuant to 28 U.S.C. § 1391(b) and (c), Nationwide does not contest for purposes of this motion that a case could be brought against it in the Northern District of California because it would be deemed to reside in the Northern District of California. However, the fact that neither Foster nor the other named Plaintiff, Phillip Warnock (collectively "Plaintiffs"), reside in this district demonstrates that this case was filed in this district not for their convenience but for the convenience of their counsel and, therefore, that forum shopping was what drove the choice of venue here.

**Nationwide's Records Reflect That Foster Resides And Predominantly Works In The Eastern District Of California.**

    It is undisputed that Foster does not reside in this district. After all, Plaintiffs admit in their Complaint that Foster resides in Placer County, California (Complaint ¶ 5) which, as the Court correctly points out, is in the Eastern District of California. Moreover, Nationwide's records show that, during the past four years (the longest possible limitations

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠
650 California Street, 20th Floor, San Francisco, California 94108.2693  Tel: 415.433.1940  Fax: 415.399.8490  www.littler.com

The Honorable Susan Illston
November 29, 2007
Page 2

period applicable to Foster), he has continuously resided in Lincoln, California. (Declaration of Janelle Mikusa ["Mikusa Decl."] ¶ 3). Finally, according to Nationwide's records, neither Warnock nor any of the opt-in plaintiffs ("opt-ins") reside within the Northern District of California. (Mikusa Decl. ¶ 4).

Nationwide's records also confirm that since January 4, 2004, Foster performed the overwhelming majority of his duties outside of the Northern District of California. Special Investigators receive referrals of claims to investigate that have indicators of fraud. Since January 2004, only about 6% of the claims referred to Foster to investigate were located in counties in the Northern District of California. (Mikusa Decl. ¶ 5).

**The Undisputed Fact That Foster Does Not Reside In This District Shows That This Forum Was Not Chosen for *His* Convenience.**

Where, as here, jurisdiction is based on a federal question, a case may be brought in a judicial district in which any defendant resides. *See* 28 U.S.C. § 1391(b). As a corporate defendant, Nationwide is "deemed to reside in any judicial district in which it is subject to personal jurisdiction." 28 U.S.C. § 1391(c). Nationwide does not contest that it is subject to personal jurisdiction in this district. Accordingly, venue is not *per se* improper in this district.

However, the fact that Plaintiffs' opposition brief makes misstatements about where Foster resides indicates that this district was chosen not for his convenience but for the convenience of his lawyers. Plaintiffs' opposition to the motion to transfer venue states that *"there is no question that Plaintiff Foster lives* and works for Defendant in the Northern District of California. The notion that Plaintiffs are 'forum shopping' lacks all credibility when the first Plaintiff to commence the action does so in the *same district in which he lives,...*" (Opp. Brief 5:11-15 [emphasis added]). While it is curious that Plaintiffs' counsel did not even know in what district their lead Plaintiff resides,[1] what this shows is that the case was not filed in this district for the convenience of either Plaintiff or any of the opt-ins – rather, it was filed for the convenience of Plaintiffs' counsel (whose only office outside of Minneapolis is in San Francisco)[2] in a forum that they perceive to be favorable to them. This Court has explicitly rejected location of counsel as a factor to be considered in the transfer of venue analysis. *See Stewart v. AT&T*, 2007 WL 1031263, *3 (N.D.Cal. Apr. 3 2007) (granting transfer of venue; "[t]o the extent plaintiff suggests that the Court should consider the location of counsel in this analysis, plaintiff is incorrect because Section 1404(a) refers to 'parties' and not counsel"); Thus, whatever limited weight might otherwise be given to Plaintiffs' choice of forum is "substantially attenuated" because Plaintiffs filed their action in a district where neither is a resident. *New Image, Inc. v. Travelers Indem. Co.*, 536 F. Supp. 58, 59 (E.D. Pa. 1981); *see also Italian Colors Restaurant v. American Express Co.*, 2003

---

[1] Nationwide ascribes no malevolence to Plaintiffs' counsel for their mistake.
[2] *See* www.nka.com.

The Honorable Susan Illston
November 29, 2007
Page 3

WL 22682482, *4 (N.D. Cal. Nov. 10, 2003) (granting transfer of venue; "courts should disregard a plaintiff's forum choice where the suit is a result of forum-shopping.") (Illston, J.).

Plaintiffs' counsel may now argue that, if the Court decides to transfer, transfer should be to the Eastern District of California, not the Southern District of Ohio. Since they did not even know Foster resided in that district, they cannot credibly claim that the case should be venued there. *See In re Funeral Consumers Antitrust Litigation*, 2005 WL 23343262, *7 (N.D. Cal. Sept. 23, 2005) (granting transfer; finding that a late attempt to shore up local contacts for purposes of a pending Section 1404 issue "smacks of forum-shopping"). Moreover, for the reasons stated in Nationwide's briefs supporting its motion to transfer, transfer to the Eastern District of California would not be convenient for the parties (including the majority of the putative class members), witnesses or in the interest of justice.

\* \* \*

Nationwide thanks the Court for the opportunity to submit this supplemental brief and respectfully submits that transfer of venue to the Southern District of Ohio, Eastern Division, is even more manifestly appropriate now that the district in which Foster resides has been clarified.

Respectfully submitted,

*[signature]*

Richard H. Rahm

Enclosure

cc:   Plaintiffs' Counsel
Firmwide:83725977.1 050511.1019