IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK FOSTER, PHILLIP WAMOCK, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE CO.,<br><br>Defendant.<br>_____/ | No. C 07-04928 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF OHIO** |

Defendants have filed a motion to transfer venue, scheduled for hearing on December 18, 2007. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS defendant's motion to transfer venue to the Southern District of Ohio.

**BACKGROUND**

This is a wage and hour violations suit brought by two named plaintiffs on behalf of two putative classes against defendant Nationwide Mutual Insurance Company. Plaintiffs and all putative class members were employed by defendant as special investigators or senior special investigators at all times relevant to the complaint. Complaint at ¶¶ 1-3. The Complaint describes two putative classes: (1) a nationwide Fair Labor Standards Act (FLSA) class bringing a claim for failure to pay overtime compensation; and (2) a California class bringing California state law claims for, *inter alia*, failure to pay overtime compensation and failure to provide meal and rest periods. *Id.* at ¶¶ 2-4, 11, 17, 36-38,

1  46-50.

2  The two named plaintiffs in this case are Frank Foster and Phillip Wamock. Foster resides in Placer County, California, in the Eastern District of California, and Wamock resides in Arkansas, though Wamock previously worked for defendant in southern California. *Id.* at ¶¶ 5-6. Plaintiffs contend that they were misclassified as exempt employees and as a result were denied overtime compensation, meal rest periods, and accurate itemized wage statements, in violation of the FLSA and California law. *Id.* at ¶ 1, 4.

According to the Complaint, defendant is a foreign corporation doing business and maintaining offices throughout the United States. *Id.* at ¶ 7. Defendant's corporate headquarters is located in Columbus, Ohio, as are the departments charged with overseeing human resources, payroll, and pay policies. Wiencek Decl. at 2-3. While defendant has its central office in Ohio, it also owns the Allied Group, which has regional offices in roughly 12 states, including California. Wiencek Supplemental Decl. at 2. The California offices appear to be in Sacramento and Southern California and are not located within the Northern District of California. *Id.*; Plaintiffs' Opposition at 2.

Now before the Court is defendant's motion to transfer venue to the Southern District of Ohio.

**LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503,

506 (C.D. Cal. 1992). Once venue is determined to be proper in both districts, courts evaluate the following factors to determine which venue is more convenient to the parties and the witnesses and will promote the interests of justice: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

**DISCUSSION**

The parties agree that venue would be proper in either this district or the Southern District of Ohio. The key dispute, therefore, is whether the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. As discussed above, courts evaluate several factors in making this determination. On the whole, the balance of factors in this case favors transfer to the Southern District of Ohio.

**1.    Plaintiffs' choice of forum**

Defendant asserts that the deference usually given to plaintiffs' choice of forum should be given little to no weight because it is a putative class action and because there are indications of forum shopping. The Court agrees, and finds that plaintiffs' choice of forum in this matter should not be accorded deference.

A plaintiff's choice of forum generally receives deference in a motion to transfer venue. *Lewis v. ABC Business Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). In class actions, however, a plaintiff's choice of forum is often accorded less weight. *See Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518 (1947); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is generally accorded plaintiff's choice of forum . . . when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight."). Nonetheless, even in a class action,

> [i]n judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of both [plaintiff's] and the [defendants'] contacts with the forum, including those relating to [plaintiff's] cause of action. . . . If the operative facts have not

3

> occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration.

*Lou*, 834 F.2d at 739 (citations omitted).  Where forum-shopping is evident, however, courts should disregard plaintiff's choice of forum. *Italian Colors Rest. v. Am. Express Co.*, No. C-03-3719, 2003 WL 22682482 *4 (N.D. Cal. Nov. 10, 2003); *Royal Queentex Enters. v. Sara Lee Corp.*, No. C-99-04787, 2000 WL 246599 *3 (N.D. Cal. March 1, 2000).

In this case, multiple factors weigh against consideration of plaintiffs' choice of forum.  First, plaintiffs have brought this case as a class action.  Second, "the operative facts have not occurred within the forum," *Lou*, 834 F.2d at 739, because the only named plaintiff who resides in California, Frank Foster, lives and works primarily in the Eastern District of California, not in the Northern District as alleged in the Complaint and plaintiffs' opposition brief.  After this mistake was brought to the parties' attention, plaintiffs acknowledged that Foster actually resides in the Eastern District, but alleged that Foster spent approximately 30% of his working hours in the Northern District.  However, given the fact that Foster lives outside of the Northern District and worked 70% of the time in the Eastern District, the Ninth Circuit's decision in *Lou* indicates that very little weight should be accorded to plaintiffs' choice of forum.  *Id.*; *see also Strigliabotti v. Franklin Res., Inc.*, No. C-04-0883, 2004 WL 2254556 *3 (N.D. Cal. Oct. 5, 2004) ("Where a plaintiff's choice of forum is a district other than one in which he resides, his choice may be given considerably less weight.") (citing *Black v. J.C. Penny Life Ins. Co.*, No. C-01-4070, 2002 WL 523568 *3 (N.D. Cal. Apr. 1, 2002)).  Third, even assuming plaintiffs made an innocent mistake about where Foster resides, forum shopping can be inferred here based on plaintiffs' apparent eagerness to have their case tried in the Northern District rather than in the Eastern District or in Arkansas, where the lead plaintiffs reside.  Therefore, the Court will accord no deference to plaintiffs' choice of forum.

**2.    Convenience of the witnesses and parties**

Defendant argues that the convenience of the parties and witnesses weighs heavily in favor of transfer because defendant's corporate headquarters and witnesses are located in Ohio and because more putative class members worked and lived on or near the East Coast.  Plaintiffs argue in response that

4

the location of party witnesses should be afforded little weight and that the majority of plaintiffs who have already opted in reside on or near the West Coast. For the following reasons, the Court agrees with defendant that these factors, taken together, weigh in favor of transfer.

Plaintiffs are correct that some courts have accorded greater weight to the convenience of third-party witnesses than to the convenience of party witnesses. *See Flotsam of Cal., Inc. v. Huntington Beach Conference and Visitors Bureau*, No. C-06-7028, 2007 WL 1152682 *3 (N.D. Cal. April 18, 2007); *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994); *but see In re Funeral Consumers Antitrust Litig.*, No. C-05-1804, 2005 WL 2334362 *4 & n.3 (N.D. Cal. Sept. 23, 2005). In this case, however, neither party has identified any third-party witnesses at all. The Court therefore finds that the convenience of third-party witnesses is not a relevant factor, and will instead focus on the convenience of the parties and witnesses affiliated with the parties.

Defendant asserts that the Southern District of Ohio will be more convenient for both parties and their witnesses. The Court agrees. Defendant's corporate headquarters is located in Columbus, Ohio, as are many of the witnesses defendant would likely call to testify at trial. For instance, most of defendant's management-level employees who oversee the special investigators or work in human resources are based in Ohio; others work in Iowa and Florida, making Ohio more convenient for them as well. Defendant's Motion at 4-6; Wiencek Decl. at 2-4. Plaintiffs argue that defendant is a national company with offices throughout the country, including the regional offices of the Allied Group located in Sacramento, Camarillo, and La Mesa, California. *See* Plaintiffs' Opposition at 2. None of these cities is located within the Northern District of California, however, and neither party suggests that employees at Allied Group offices in California will be involved in this litigation as witnesses or otherwise. For these reasons, the Court finds that the Southern District of Ohio is far more convenient for defendant than the Northern District of California.

Ohio also appears to be more convenient for plaintiffs. The nationwide class in this case consists of all persons who were employed by defendant as special investigators or senior special investigators at any time over the last two years – or three years if the violation was willful, 29 U.S.C. § 255(a) – and were misclassified as exempt, Complaint at ¶ 2. According to defendant, there have been 306 special investigators employed during the two-year class period who fit this description. Wiencek Supplemental

5

Decl. at 2. Although California has been home to more special investigators than any other state, with a total of 31, the majority of the special investigators lived in eastern states. *Id.* at 2-3. For example, 67 lived in New York, Ohio, and Pennsylvania, making the Southern District of Ohio far more convenient for them, while 26 lived in Florida, 14 lived in Maryland, 13 lived in Michigan, 16 lived in North Carolina, 9 lived in Tennessee, and 18 lived in Virginia. *Id.* Adding up these nine states alone, all of which are far closer to Ohio than to California, creates a total of 163 special investigators. This total does not include the many other special investigators residing in states such as Alabama, Connecticut, Georgia, Iowa, Mississippi, and South Carolina. *See id.* By contrast, the only western states that special investigators called home were Arizona, California, Colorado, Nevada, Oregon, Utah, and Washington, with a total of 55 special investigators. *See id.* This is less than the total number of special investigators in New York, Ohio, and Pennsylvania combined. The numbers are similarly skewed in favor of the eastern states for a class period of three years rather than two. *Id.* at 3. In addition, the second named plaintiff, Phillip Wamock, resides in Arkansas. Complaint at 6.

Plaintiffs argue that Ohio is actually less convenient for plaintiffs when the "current reality of the case" is taken into account. Plaintiffs' Opposition at 7. That is, plaintiffs suggest the Court should examine only the residences of those plaintiffs who have opted in to the FLSA class at this point, rather than the entire potential class of FLSA plaintiffs. *Id.* Of the opt-in plaintiffs, 11 are from California, Arizona, Nevada, and Texas, and 5 are from eastern states. Morgan Decl. at 1-2. Plaintiffs cite no authority for this method of examining the convenience of putative class members, and for good reason. Plaintiffs acknowledge that "the other Special Investigators employed by Defendant have not received notice of this lawsuit," and that the ones who have opted in "have joined only as the result of Plaintiffs' informal efforts and word of mouth." Plaintiffs' Opposition at 3. The Court does not imagine that plaintiffs plan to keep the other 290 potential class members in the dark about the existence of this lawsuit, and that instead plaintiffs will attempt to enlarge the class far beyond the current 16 special investigators who have opted in. At this point, it is simply too early to know exactly where all the class members reside, but the total number of potential class members paints a far more accurate picture of the eventual class than the first 16 special investigators who happened to have heard about the lawsuit through word-of-mouth. Were it otherwise, a party could engineer a favorable geographic distribution

6

of opt-in plaintiffs for purposes of a transfer motion by selectively notifying potential class members in certain states. The Court will not rely this haphazard group of opt-in plaintiffs in determining which venue is more convenient for the class.

For all of these reasons, the Court finds that the convenience of the parties and witnesses weighs substantially in favor of transfer to the Southern District of Ohio. This conclusion is supported by a number of other district court decisions. *See*, *e.g.*, *Evancho v. Sanofi-Aventis U.S. Inc.*, No. C-07-0098, 2007 WL 1302985 *3 (N.D. Cal. May 3, 2007) (these factors weigh substantially in favor of transfer to New Jersey where "a large number of critical witnesses live and work in New Jersey, and a greater proportion of the putative class members lives and works on the east coast than on the west coast"); *Freeman v. Hoffman-La Roche Inc.*, No. 06CIV13497, 2007 WL 895282 *2 (S.D. N.Y. Mar. 21, 2007) (convenience of the New Jersey-based corporate witnesses was an important factor); *Waldmer v. SER Solutions, Inc.*, No. 05-2098, 2006 U.S. Dist. LEXIS 4934 *10-15, 17 (D. Kan. Feb. 3, 2006) (finding the location of witnesses to be an important factor and noting that "the logical origin of this dispute is Virginia. It was at the company's headquarters in Virginia [where defendant's] personnel made and implemented the decision to treat plaintiffs as exempt under the FLSA. No company policies were ever established in Kansas.").

### 3.     Ease of access to the evidence

This Court has noted that "[d]ocuments pertaining to defendants' business practices are most likely to be found at their principal place of business." *Italian Colors Rest.*, 2003 WL 22682482 at *5. Defendant contends that its policies and practices related to human resources, compensation, and the special investigator positions more generally were generated at its corporate headquarters in Ohio and are currently maintained there. Wiencek Decl. at 2-3. Defendant also asserts that payroll records are processed in Ohio and that employee pay is prepared and distributed from corporate headquarters. *Id.* Plaintiffs argue in response that this evidence is stored in electronic format and will not be difficult to access in California. Plaintiffs are most likely correct that many of these records and policies may be stored electronically, but this Court has held that while "developments in electronic conveyance have reduced the cost of document transfer somewhat, the cost of litigation will be substantially lessened if

7

1 the action is venued in the same district where most of the documentary evidence is found." *Italian*
2 *Colors Rest.*, 2003 WL 22682482 at *5. Plaintiffs also argue that the special investigators themselves
3 will be in possession of important evidence, but as discussed above, these class members are spread
4 across the country and are far more likely to live in eastern states bordering or close to Ohio than in
5 California or other western states. Accordingly, this factor also weighs in favor of transfer.

### 4. Familiarity of each forum with the applicable law

Plaintiffs argue that because the complaint includes supplemental claims arising under California law, this factor weighs in favor of keeping the case here because this Court is more familiar with California law than the Southern District of Ohio. It is true that this Court is more familiar with California law, *see Evancho*, 2007 WL 1302985 *4, but it is also true that other federal courts are fully capable of applying California law, *see Strigliabotti*, 2004 WL 2254556 *5. In addition, it has been noted that where a federal court's jurisdiction is based on the existence of a federal question, as it is here, one forum's familiarity with supplemental state law claims should not override other factors favoring a different forum. *Funeral Consumers*, 2005 WL 2334362 at *6 ("The caselaw favoring the district 'at home' on the controlling law has arisen in the *diversity* context, not the *federal-question* context.") (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (listing as a factor "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action")). Therefore, since there are California state law claims at issue in this case, the Court will consider this factor as weighing somewhat in favor of trying this case in the Northern District of California.

### 5. Remaining factors

The remaining factors – the feasibility of consolidation with other claims, local interest in the controversy, and the relative court congestion and time of trial in each forum – are neutral. First, there is no evidence of other claims to consolidate with this case. Second, both states have an interest in the controversy. Ohio is interested because it is the location of defendant's corporate headquarters and the place where the personnel decisions at issue in this case were made. California has an interest in

protecting the rights of the putative California class members, though if plaintiffs were truly concerned with protecting the local interest in this litigation they might have filed in the Eastern District of California, where lead plaintiff Foster resides and spent most of his working hours and where the Allied Group operates a regional office.  Finally, the evidence provided regarding court congestion shows that this factor is more or less neutral.  While the Northern District of California clearly has more cases pending per judge, the median time from filing to disposition is shorter in this District, at 7.4 months, than in the Southern District of Ohio, at 12.6 months.  *See* Rahm Decl. at exs. I & J.  In both districts, however, it takes a little over two years to proceed to trial.  *Id.*  The Court finds that this factor is neutral.

## CONCLUSION

Viewing the totality of the factors, the Court finds that this case belongs in the Southern District of Ohio.  A larger proportion of the putative nationwide class members resides in eastern states than in western states, and the largest single geographical grouping of potential class members reside in Ohio and neighboring states.  Furthermore, given the circumstances of this case, plaintiffs' choice of forum carries no weight, and the policies and practices of defendants that underlie this action originated at defendant's headquarters in Ohio, where many witnesses are also based.  For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to transfer venue [Docket No. 15].

**IT IS SO ORDERED.**

Dated: December 14, 2007

SUSAN ILLSTON
United States District Judge